**FILED**

**MAY 1 2 2008**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

United States of America ex rel.                    )
                                                    )
HOWARD F. SLAJCHERT, B-37564                        )
(Full name and prison number)                       )
(Include name under which convicted)                )
                                                    )      **08CV 2759**
PETITIONER                                          )      **JUDGE DARRAH**
                                                    )      **MAGISTRATE JUDGE DENLOW**
        vs.                                         )
                                                    )
MS. NEDRA CHANDLER, WARDEN                           )
(Warden, Superintendent, or authorized              )
person having custody of petitioner)                )
                                                    )
RESPONDENT, and                                     )
                                                    )
(Fill in the following blank only if judgment       )
attacked imposes a sentence to commence             )
in the future)                                      )
                                                    )
ATTORNEY GENERAL OF THE STATE OF                     )      Case Number of State Court Conviction:
                                                    )
ILLINOIS                                             )      93-CF-88 & 93-CF-89 - Livingston County
(State where judgment entered)                      )

### PETITION FOR WRIT OF HABEAS CORPUS -- PERSON IN STATE CUSTODY

1.  Name and location of court where conviction entered: _____ Livingston County, Illinois

    Pontiac, Illinois 61764

2.  Date of judgment of conviction:     10/22/93

3.  Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)

    Criminal Sexual Assault (93-CF-88) Criminal Sexual Assault (93-CF-89)

4.  Sentence(s) imposed:     15+5 years extended + 15 + 5 Years Extended

5.  What was your plea? (Check one)     (A) Not guilty        (xx)
                                        (B) Guilty            (  )
                                        (C) Nolo contendere   (  )

    If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

    N/A

## PART I -- TRIAL AND DIRECT REVIEW

1. Kind of trial: (Check one):    Jury (xx)        Judge only (  )

2. Did you testify at trial?    YES (  )        NO    (xx)

3. Did you appeal from the conviction or the sentence imposed? YES (  )  NO (xx)

   (A) If you appealed, give the

      (1) Name of court:    **4th Judicial Circuit**

      (2) Result:    **Denied**

      (3) Date of ruling:

      (4) Issues raised:    Day for day County Jail Credit, Jury not Judge to
   Sentence, MSR is custody and should be made as being part of the sentence
   to be served in custody an d as being part of the time to be served
   in place of incarceration, Sex-Offender's Registration is custody and like
   MSR, should be served in place of being incarcerated to complete an imposed
   sentence to be served in custody, by Statutes!
      (B) If you did not appeal, explain briefly why not:

   No direct appeal because I felt I was guilty, but later appeals were due
   to the Stae of Illinois, IDOC/PRB lengthening my overall sentence by first
   2 years then another 10, making my sentence 64 years long!

4. Did you appeal, or seek leave to appeal, to the highest state court? YES (xx)    NO (  )

   (A) If yes, give the

      (1) Result    Illinois Supreme Court Denied to hear

      (2) Date of ruling:    Mandate issued March 06, 2008 to IL. App. Ct.

      (3) Issues raised: As above, Constitutional Violation to my Due Process per
   State of Illinois CLEAR Iniative - Legislatures Intent as noted by Mr.
   Jesse White, Secretary of State / State Librarian

   (B) If no, why not:  N/A

5. Did you petition the United States Supreme Court for a writ of *certiorari*? Yes (  )  No (xx)
   Under the directions of Dixon Cor. Cntr. Paralegal in I/M Library.
   If yes, give (A) date of petition: _____ (B) date *certiorari* was denied: _____

## PART II -- COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

YES (xx)   NO ( )

With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

A.   Name of court: Livingston County Courthouse

B.   Date of filing: August 1999

C.   Issues raised: Day for day county jail credit, Jury, Not Judge to sentence, MSR / SORA to be made part of the time to be served to complete the judicially imposed sentence

D.   Did you receive an evidentiary hearing on your petition?   YES ( )   NO (xx)

E.   What was the court's ruling? Frivolous and w/o Merit - DENIED!

F.   Date of court's ruling:   August 23, 2002

G.   Did you appeal from the ruling on your petition?   YES (xx)   NO ( )

H.   (a) If yes,   (1) what was the result? Denied

           (2) date of decision:   September 05, 2007

     (b) If no, explain briefly why not:   N/A

I.   Did you appeal, or seek leave to appeal this decision to the highest state court?

     YES (xx) NO ( )

     (a) If yes,   (1) what was the result? Denied to be heard by IL. Sup. Ct.   105590

           (2) date of decision: January 30, 2008

     (b) If no, explain briefly why not:   N/A

2. With respect to this conviction or sentence, have you filed a petition in a state court using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?   YES (x)      NO ( )

    A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

        1. Nature of proceeding   735 ILCS 5/2-1401 —

        2. Date petition filed   September, 2000

        3. Ruling on the petition   Denied after Court changed to Post-Conviction Petition as third post-conviction petition.

        3. Date of ruling   August 23, 2002

        4. If you appealed, what was the ruling on appeal?   Denied

        5. Date of ruling on appeal   December 17, 2004

        6. If there was a further appeal, what was the ruling?   Denied

        7. Date of ruling on appeal   October 15, 2007

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal** court?
        YES ( )   NO (x)

    A. If yes, give name of court, case title and case number:   N/A

    B. Did the court rule on your petition? If so, state

        (1) Ruling: N/A

        (2) Date:   N/A

4. WITH RESPECT TO THIS CONVICTION OR SENTENCE, ARE THERE LEGAL PROCEEDINGS PENDING IN ANY COURT, OTHER THAN THIS PETITION?

YES ( )   NO (x)

If yes, explain:   N/A

PART III -- PETITIONER'S CLAIMS

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.

(A) Ground one ~~XXXXXXXXXXXXXXXXXXX~~ People vs Latona

Supporting facts (tell your story briefly without citing cases or law):

A person is due day for day credit for any part of any day spent in custody ~~per 730 ILCS 5/5-8-7(b) 186+186+186+186=744 Days, NOT 186 days as~~ IDOC claims.

(B) Ground two Jury not the Judge is to sentence a defendant when the defendant has a Jury trial. 15 Years should have been the maximum sentence because the Jury did not hear anything that would extend the length of the overall sentence. The State's Attorney promised the victim, my son, that I would receive a 5 year sentence of which I would get 6 months credit & ~~2½ years would be subtracted as good conduct credit.~~ Your father will be serving less than 2 years in the IDOC. He told me of this while in Court ~~when he protested the Judge's sentence of 40 years.~~ The judge claimed, he made his deal with the wrong person, the S.A. is to gather evidence how~~ever possible to convict, even making promises that he knows is a~~ lie. I, the Judge sentence a person, and I've sentenced your father to 40 years! ~~The S.A. brought into light things that were never found by the Jury.~~ Never presented to them, never found me as being guilty of them. Yet, increased my sentence because of them. 15 Years should have been the max! And, my release should have been after first serving 50% less Good Time and SORA would not have been a factor.

People vs John Cunningham, ____ S. Ct. ___

(C) Ground three My Illinois Constitutionality Rights were violated in that
by adding Mandatory Supervised Release to my sentence it violates my
Right to Due Process. Proof of this is the 3/19/08 letter from Mr. Jesse
White, Secretary of State, State Librarian who sent me a copy of CLEAR
where on page two, 3rd sentence, it states: "THE MOST PREVALENT IS THE
USE OF MANDATORY PRESUMPTIONS, WHICH THE SUPREME COURT OF ILLINOIS FOUND
TO BE CONSTITUTIONAL IN THE PAST TWO TO THREE DECADE, EVEN THOUGH IT
VIOLATES A PERSON'S RIGHT TO DUE PROCESS."
               "CLEAR initative to clarify outdated criminal code - NEWS"
                           BY: Eric HEISIG

(D) Ground four 730 ILCS 5/5-8-1(d) and the phrase, "AS WRITTEN THEREIN
       Supporting facts: AND IN ADDITION TO" is NOT AMBIGUOUS as both are written
into a Federal Law that controls the adding of taxes and profits to the
sale of gasoline. Gasoline does not sell for $3.00 a gallon until the
taxes and profits are added to the actual costs of the product - GASOLINE.
This is exactly how MSR and EMSR (SORA) is to be applied to a person's
sentence, "AS WRITTEN THEREIN to the term of the sentence, yet IN ADD-
ITION TO the time inwhich is to be spent in the CUSTODY of the Department
of Corrections.
THIS EFFECTS SOME 46,600 inmates of the IDOC
WHITE vs INDIANA PAROLE BOARD, 266 F.3d 759, 765, 766 (WL 2001)
People ex rel Johnson vs Pate, 265 N.E.2d 144
People vs Mapps, 555 N.E.2d 1275, 5th Dist West 1990
People vs Arna, 168 ILL. 2d 107, 113, 213 Ill. Dec. 963 966, 658 N.E.2d 445
West 1995,Blitz vs US, 153 US 308 (1894), People vs Fish, 250 Ill. Dec. 72
(West 2000)

2   Have all grounds raised in this petition been presented to the highest court having jurisdiction?
        YES (xx)   NO ( )
                              2
3.  If you answered "NO" to question (xx, state briefly what grounds were not so presented and why not:
N/A

## PART IV -- REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing  Mr. Kent Heller

(B) At arraignment and plea  Mr. Kent Heller

(C) At trial  Mr. Kent Heller

(D) At sentencing  Mr. Kent Heller

(E) On appeal  No Direct Appeal

(F) In any post-conviction proceeding  Mr. Carey Luckman, P.D.

(G) Other (state):  Mr. Daniel Yuhas, Appellate Court 4th District

## PART V -- FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction? That's what this appeal will decide! If I have to serve an MSR and EMSR- YES! Or, If the YES ( ) NO ( ) MSR/EMSR(SORA) is to be made as being part of my sentence to be served in CUSTODY, serving 100% of my sentence, then NO!

Name and location of the court which imposed the sentence: ~~Livingston County Courthouse,~~ Pontiac, IL 61764

Date and length of sentence to be served in the future    Or PRB

2 years Plus 10 years, or

Possible Civil Commitment - Lifetime

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

PRO-SE

Signed on:  **February 07, 2058**
(Date)

_____
Signature of attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

_____
(Signature of petitioner)

B-37564

Date Mailed: ___/___/20___    (I.D. Number)
By placing same into the     2600 North Brinton Avenue
mailbox forvided by Dixon     (Address)
Correctional Center for      Dixon, Illinois 61021-9524
REVISED 01/01/2001 inmates use, properly posted
with correct addresses and
postage and sent it to:

Together with:
Forma Pauperis Form
6 month Trust Fund Audit
Petition for Writ of Habeas Corpus
   Person in State Custody
Parts I, II, III, IV, V and Case Citings
   Pertainate to this instant case

cc: My File

D 7

The State of Illinois has statutes that they claim the Judicial Courts must follow. These Statetes are compiled within one book called the Illinois Compiled Statutes of Illinois, Criminal Codes and Procedures, (ILCS).

I'd like to present to this Honorable Court the following statutes and how I believe they may actually effect me and my over-all sentence that is to be served within the State of Illinois, Illinois Department of Corrections:

<u>730 ILCS 5/5-8-1(d)</u>

This is the statute that some who are under-educated and/or uneducated may believe is ambiguous. This is **NOT** true! The facts of the matter are:

1. Held within this statute is a statement that claims a persons Mandatory Supervised Release (MSR) is to be **AS WRITTEN THEREIN** and **IN ADDITION TO** the term of incarceration.

2. Some courts have claimed this to be true, while others, like myself believe that both statements can be true and accurate at the same time. Lets look at "GASOLINE" and the sale of this well known and advertised product.

**GASOLINE**

The sale of gasoline at one time was a lukerative one. An ad-vertiser could leave out the costs of taxes and profit and adver-tise his product at a much lower cost to the consumer than the fuel station that included taxes and/or profit. With this known to the customers, Federal Law came up with TRUTH IN ADVERTISING by man-dating all fuel stations, at the advertisements and on their fuel pumps, advertise the correct price for their fuels, including taxes and profits into the price AS WRITTEN THEREIN yet IN ADDITION TO the cost of the fuels they sold. Other than current price, noone seems to have a problem with this anollogy, yet when the same words

are used in the application of MSR and Extended MSR (EMSR), then we're made to believe that the two phrases become ambiguous when used in the same sentence, and applying to a person's prison sentence.

### MSR, EMSR and Parole - How they differ

#### Mandatory Supervised Release - (MSR)

MSR is the current means to the end of a person's prison sentence. It's my belief that MSR was meant to be made part of the sentence to be served in place of incarceration, yet to complete the overall sentence, but not going past the maximum sentence, especially when figuring into the sentence good conduct and good time credit, etc... The IDOC currently disagrees and believes that MSR is to be effective only after first serving 100% of the Judicially imposed sentence, whereby making for yet a second sentence, and violating a person's Right to Due Process.

#### Extended Mandatroy Supervised Release - EMSR

EMSR was renamed Sex-Offender's Registration Act (SORA) and it only becomes effective after first serving 100% of the MSR portion of the sentence to be served after 100% of the Judicially imposed sentence has been served. This now becomes a third, in addition to sentence Ordered by the Prisoner's Review Board, who are from the Executive Branch of Illinois Government and have, in effect, violated the Separation of Powers Doctrine.

#### Parole

Parole, unlike MSR and/or EMSR was made as being part of a person's sentence. A person serving 5 years served 3 years and 9 months. Then, went on PAROLE for an additional 1 year and 3 months which completed the 5 year sentence. Parole was a GIFT! So as not to have to be incarcerated for the full 5 years.

## MY CHALLENGE OF THIS COURT

IF this Honorable Court can show to me how I shall receive credit for being held in CUSTODY beyond the maximum of my sentence while serving the MSR and EMSR portions of my sentence, I **WILL WIDTHDRAW THIS WRIT of HABEAS CORPUS,**

HOWEVER!

IF this Honorable Court cannot show me proof that I am to receive credit for being placed both on MSR and EMSR then I make a formal request of this Honorable Court to:

1. Re-write my mittimus making the MSR 2 years at day for day totaling 4 years and subtract this 4 years from the 40 years to be served in custody, and

2. Re-write my mittimus making the EMSR 10 years at day for day totaling 20 years and subtract this 20 years from the remaining 36 years to be served in custody, and

3. Credit my County Jail Credit of 186 days + 186 days + 186 days + 186 days totaling 744 days from the 16 years remaining, and

4. Applying the 38 Educational Good Time Credit EARNED from the balance in #3 above, and

5. Applying the 90 days (10 of which I have already been granted) to what's left in #4 above, and

6. Applying the time I have already spent in the CUSTODY of the IDOC and multiplying them by 2 for day for day credit to what-ever was left in #5 above, and

7. Because the State Courts of Illinois somehow have a belief that they don't have  anyone overseeing them, I request that all ₃e sentences passed since 02/01/1978 be reviewed and credit given where credit is due., and

8. Compensation for days spent in CUSTODY longer than I was suppose to.

E-3

## THE ISSUE OF "CIVIL COMMITMENT"

While incarcerated at the Big Muddy River Correctional Center, I was accepted into a Sex-Offender's Program. While here I was told, by the Director of the Program, Ms. Almeda Ball and her supervisor, Mr. Richard Carich that this new law was designed especially for people like myself and upon your release, onto what id or has become to be known as Mandatory Supervised Release You, Mr Slajchert shall be civilly committed and shall remain as such for your lifetime, you'll never be set free!

This has made my serving of this 40 year sentence that much harder, and lengthier. It is my belief that she and her supervisor should not have told me this, except if they had a wanton to adversily effect my sentence and make it harder to do and make it as though it would be longer.

This "NEW LAW" was brought to my attention by a State of Illinois employee who at the time, was working with the Sex-Offender's Program and should have known exactly what she had claimed. Thus, no matter how well I was while I remain incarcerated, according to these employees, I would be re-sentenced to a term of life, whereby re-sentencing me yet a third time, fourth, or maybe even a fifth.

Do I have a "FUTURE" sentence awaiting my release? I pray this court will be able to answer this to let me know, was it a threat, or promise? And, How does a "NEW LAW" getting made as being RETROACTIVE effect me? Aren't retroactive laws unconstitutional?

USING ILLINOIS STATUTE AS THEY WILL BE EFFECTING ME,
RETROACTIVE, and/or UNCONSTITUTIONAL OR NOT

730 ILCS 5/5-8-1(d), Mandatory Supervised Release **is to be**
"AS WRITTEN THEREIN and IN ADDITION TO the term of imprisonment

730 ILCS 5/5-8-7(b), Day for day credit to apply towards
ANY PART OF ANY DAY SPENT IN CUSTODY

730 ILCS 5/3-14-2, While serving Mandatory supervised release
A PERSON REMAINS IN THE CUSTODY OF THE DEPARTMENT

730 ILCS 5/3-14-2.5, While serving the Extended portion of the
Mandatory Supervised Release, also to be known as
Sex-Offender's Registration, A term of ten (10) years
for a Class "1" Felony, and LIFETIME for Class "X" Felon's
shall remain in the CUSTODY of the Department while serving it

Department means:  (But may not be limited to:
State of Illinois -
Illinois Department of Corrections, and/or
Illinois Prisoner's Review Board, and/or
Illinois State Police, and/or
Illinois Sheriff's Association, and/or
City Police (Pop. 3 mil.), and/or
Agents Thereof and/or
Agencies Thereof, and/or
Anyone so designated by any of the above.

My Judicially Announced Sentence
As Pronounced By: Chief Judge Glennon
In Livingston County, Illinois
**"15+5 Extended + 15 + 5 Extended Totaling 40 years
Followed By: 2 years MSR "**

| | | | |
|---|---|---|---|
| Less, according to Illinois Statute: | | | |
| County Jail Credit | (93-CF-88) | 186+186=372 | Days |
| County Jail Credit | (93-CF-89) | 186+186=372 | Days |
| Mandatory Supervised Release (Actual) | | 730 | Days |
| Mandatory Supervised Release (Day for day) | | 730 | Days |
| EMSR / SORA (Actual) | | 3,650 | Days |
| EMSR / SORA (Day for day) | | 3,650 | Days |
| Balance | | 6,096 | Days |
| Good Conduct Credit (50% of balance of sentence) | | 3,048 | Days |
| Balance | | 3,048 | Days |
| Educational Good Time Credit (Earned) | | 38 | Days |
| Meritorious Good Time | | 90 | Days |
| Balance | | 2,920 | Days |
| Time for days already served (4/16/93-4/15/08) Actual | | 5,475 | Days |
| Time for days already served (Day for day) | | 5,475 | Days |
| Balance | (8,030) | Days | TOO LONG! |
| Still to be served on MSR | (1,460) | Days | |
| Still to be served on EMSR / SORA | ((7,300) | Days | |
| In CUSTODY **TOO LONG!** | (16,790) | Days | |

This **IS HOW** I feel I have a Right to this Writ of Habeas Corpus.

No. 105590

---

**In the
Supreme Court of Illinois**

---

People State of Illinois,

     Respondent

       v.

Howard F. Slajchert,

     Petitioner

Petition for Leave to Appeal
from Appellate Court
Fourth District

4-06-0377

---

Supplement to Petition for Leave to Appeal

Howard F. Slajchert
B-37564
2600 North Brinton Avenue
Dixon, IL 61021-9532

NO.: 105590

## IN THE SUPREME COURT OF ILLINOIS

| | |
|---|---|
| People of the State of Illinois | Petition to leave to |
| Plaintiff/Respondent | appeal from the 4th |
| vs | Appellate Court of |
| Howard F. Slajchert | Illinois. |
| Defendant/Petitioner | No.: 04-06-0377 |

Nos.: 93-CF-88 & 89
There heard in:
Heard in: Livingston Co

Before: Chief Judge Glennon

### PETITION FOR LEAVE TO APPEAL

Attorney General
State of Illinois

Solicitor General
100 W. Randolph St
12th Floor
Chicago, IL. 60601

Howard F. Slajchert, Pro-Se

O-1

First, I'd like it known, as a Pro-Se lidigent it seems as though the cards are stacked against a sucessful outcome, being found in favor of the defendant. IF this Honorable Court doesn't first read and act upon the merits of the case, and takes into account the multiple case citings that provide this Honorable Court direction, like the lower courts didn't do, I have little chance of being successful.

<u>WHAT I DIS-AGREE WITH, IS:</u>

1) Trial Court, Trial by jury, yet sentenced by judge isn't what I requested when I requested a trial by jury. The Judge should have instructed the jury and allowed the jury to sentence.

   <u>People vs John Cunningham</u>, ___ S.Ct. ___

2) The statutes claim: "An inmate shall receive day for day credit for any part of any day spent in <u>CUSTODY</u>. <u>186</u> County Jail Days in two case numbers total <u>744</u> days w/goodtime applied. IDOC claims <u>186</u>.

3. The jury had to have believed the maximum of the time that I could be sentenced to was <u>15</u> years. There was <u>NO</u> mention of extended term, <u>NO</u> mention of the seatencing being run consecutively. <u>NO</u> mention of having to register as a sex-offender. <u>NO</u> mention of possible future civil commitment. <u>NO</u> mention that M.S.R. would run only after first serving 100% of the imposed sentence, with goodtime applied.

4. Statute claims, "All laws shall be enacted PROSPECT-IVELY! <u>NOT RETROACTIVE</u>.

5. The entitlement was CORRECT! As a layman, I'm still challenging statute, not what I should have but didn't entitle my original petition.

6. I did, only after the lowest court, renamed the fil- as being another, third, Post-Conviction Petition, request it be so named: **735 ILCS 5/5-2-1401**, Relief In Judgment. But, even this went unheard.

7. And, at the 4th Appellate Court, hopes were dashed when I received a notice telling me my appeal for an ORAL ARGUMENT was indeed accepted but then denied with an additional $50.00 fee so attached. If it had no chance, why would the appellate courts allow to give me hopes that it would? **MONEY**? **JOB SECURITY**? Aren't the courts backed-up enough already?

8. The Illinois Supreme Court has held that MSR and EMSR is Constitutional in practice when it attaches after a Judicial sentence has been fulfilled. Yet, Accord- ing to **C.L.E.A.R.**, in adding MSR/EMSR to a man's sentence, as you have for the past 29 years, you also **VIOLATE** his **RIGHT** to **DUE PROCESS**, (Exhibit enclosed)

9. The re-write of ILCS Criminal Code takes the words, **"AS WRITTEN THEREIN"** out of the 730 ILCS 5/5-8-1(d) Statute. Their claim is, "Legislative intent was to make MSR **IN ADDITION TO** an imposed sentence. Re-Read C.L.E.A.R.!

10. 725 ILCS 5/110-14 claims $5.00 a day to be placed against fines and fees. Why hasn't this been awarded to the Appellate Courts fee of $50.00?

11. Statute reads: "A defendant shall be sentenced to
    **EITHER** the pains of incarceration, **OR** the sufferings
    of Civil Commitment, but **NOT BOTH!** So, I ask, only
    after first, having to have served 100% of an in-
    carceration of <u>20</u> years can the courts now bring
    civil charges for a crime which hasn't occured yet?

12. This case does **NOT** hinge upon what the Circuit
    Courts didn't do. But, more importantly, what Ill-
    inois Statute reads and how statute is being applied.

### THEREFORE:

13. If this Court can show me how I am to receive credit
    for any part of any day spent in **CUSTODY**, including
    the days spent in the County Jail, and M.S.R. and
    E.M.S.R. and time I shall register, and deduct this
    amount of time from the <u>40</u> year sentence, as imposed,
    I'd be willing to drop my claim and move-on with life.

### HOWEVER:

IF this Honorable Court cannot prove the above, to

### MAKE TO SO, AS STATUTE READS

### AND, PROMISES WERE UNDERSTOOD

14. A corrected mittimus and immediate release as well
    as compensation as requested.

IN THE STATE OF ILLINOIS

ILLINOIS SUPREME COURT

PEOPLE OF THE STATE OF ILLINOIS          Nos: 93-CF-88 & 89

                    vs                   App. No.: 4-06-0377

HOWARD F. SLAJCHERT

REQUEST FOR LEAVE TO APPEAL TO THE ILLINOIS SUPREME COURT

The Defendant, Howard F. Slajchert, IDOC #:
B-37564 comes before this Honorable Court praying that
unlike all other attempts, that this Court shall have
the Power and Jurisdiction to so grant his relief being
sought.

On September 05, 2007, The Appellate Court issued a
decision in my case that affirmed the Livingston County
Illinois decision to deny me my appeal.

In a decision by myself, not to request a rehearing
because it is now believed that the lower courts retain
no power that could actually change what has recently
been ruled upon by the higher court. Why, I asked my-
self, bother!

October 22, 1993, before the Honorable Chief Judge
Glennon, in Livingston County, Illinois the defendant
was sentenced as follows: 15 + 5 extended and 15 + 5 also
extended for two counts of Criminal Sexual Assault to a
child. And the Judge explained that a 2 year Mandatory
Supervised Release was to follow the consecutive, ex-
tended term sentences.

- 1 -

The defendant made no direct appeal, as he felt in his instant case, where the State's Attorney, Mr. James Casson lied to the victim in telling him that I would receive a 5 year sentence at 50% reduced by 6 months to serve less than 2 years and end up with a 40 year sentence would be futile, waste of time and money, where only the Attorney for the defendant would benefit. Because once I told my paid attorney, "There's no more money, my defense went down the tube. I was told, "Be happy, it wasn't 15+15+15+15 totaling 60 at 100%". This is when I knew for sure my decision was correct in not appealing.

Years went by before I felt I had a chance to appeal. I had first filed a Post-Conviction Petition challenging Public Act 80-1099 as being unconstitutional. I was denied.

I appealed to the Appellate Court and the lower Courts decision was upheld.

Next, I filed under an Appredi decision. Like my prior Post-Conviction Petition, this too was denied. I appealed and was given hope, but later denied.

I next filed a, "CHALLENGE TO THE APPLICATION OF ILLINOIS STATUTE" in Livingston County. This, according to the Courts was inappropriately entitled. So I requested the Courts to entitle the filing for me, and do so with whatever they felt would be fitting.

- 2 -

The Courts complied with my request, and denied my
filing due to it was entitled, "POST-CONVICTION PETITION"
which made for yet a third such Petition and in addition
began talking about future files could be considered by
this Honorable Court as being frivolous and without merit
and they could impose future monetary fines.

Again, I appealed, claiming I felt that the Courts
should have first allowed for the appointment of counsel
so that he could perfect the filing. Secondly, in en-
titling the filing, I felt that the Courts would have en-
titled it to be a 735 ILCS 5/2-1401, RELIEF IN JUDGMENT
or WRIT OF HABEAS CORPUS, but certainly not another POST
-CONVICTION PETITION. I felt that the lower courts were
bogus in doing this, so I again appealed. I appealed
because the facts of the case were not addressed, in-
stead the courts were strictly concerned with the en-
titlement, thus denied again, and $50.00 fines/court fees
were imposed.

I requested that, under Illinois Statutes, 725 ILCS
5/110-14 should apply and I should be allowed to apply
$5.00 a day for 186 days credit for days spent in the
Livingston County Jail awaiting bail. To date, 9/22/07,
I haven't heard whether or not they have accepted my
request to apply this credit.

STATEMENT OF POINTS I BELIEVE SHOULD REVERSE

THE APPELLATE COURTS DECISION:

It is the belief, of HOWARD F. SLAJCHERT the follow-facts are important and in review, should be enough to reverse the decision of the Illinois Appellate Court from September 05, 2007 in case number: 04-06-0377:

1.  Trial by Jury of the Defendant's peers, yet sentenced by the Judge, to a term of impriosnment which was 25 years longer than the Jury believed could have been the sentence.

2.  The Jury heard the two case jointly, yet was sentenced individually to separate, consecutive terms of incarceration. $15+5+15+5=40$ years + 2 years MSR to follow term of incarceration.

3.  730 ILCS 5/5-8-1(d) reads, "MSR is to be as written therein, in addition to the term of incarceration. C.L.E.A.R. has made it known that MSR violates a man's Right to Due Process, and has done so for over the past 29 years.

4.  Likewise, Extended MAndatory Supervised Release also violates a man's Right to Due Process as it only applies after first completing 100% of the MSR.

5.  The Sentencing Judge gave the defendant 186 days in both cases for time spent in the custody of the County Jail awaiting bail. Furthermore, day for day also applied. $186+186+186+186=744$ days.

- 4 -

6.  The I.D.O.C. claims that $\underline{186}+\underline{186}+\underline{186}+\underline{186}=\underline{186}$ days of credit against my $\underline{40}$ year sentence due to the aggregating of a man's sentencing structure. So, no matter what your sentencing judge gives you, we, the I.D.O.C. have the final decision to deny you the time the sentencing gave you!

7.  Laws within Illinois are to be PROSPECTIVE, **NOT RE-TROACTIVE**, yet when it came to the Registration of Sex-OFFENDER'S, this was not the case. In fact, the law which, at the time of passage did not include the time that passed while a man was incarcerated, was now being abused by the I.D.O.C. and information that was not to be deseminated to the general public was. In violation of the Sex-Offender's Registration Act.

8.  Furthermore, the Sex-Offender's Act also included registration for a Class - 1 Felony of ten years, to be served at $\underline{100\%}$ only after first completing $\underline{100\%}$ of a M.S.R. period of time of $\underline{2}$ years. At all times, the Sex-Offender shall remain in the CUSTODY of the I.D.O.C., Thus, according to current statute, credit must be given to such a person and day for day credit applies.

9.  With the above being FACT! $\underline{15}+\underline{5}+\underline{15}+\underline{5}=\underline{40}+\underline{2}+\underline{2}+\underline{10}+\underline{10}=\underline{64}$ YEARS, some $\underline{24}$ years beyond the maximum of $\underline{40}$ years which was imposed.

10.  Per Ms. Kathy Newstom, Dixon Correctional Center's
     Record Office, "We are calculating your sentence as
     provided by statute." Yet, claim that MSR and EMSR
     are to be served in addition to, not as written
     therein into the sentence as 730 ILCS 5/5-8-1(d)
     claims.

11.  Furthermore, 730 ILCS 5/3-14-2 and 730 ILCS 5/3-14-
     2.5 both claim, "An inmate on MSR/EMSR remains in the
     CUSTODY of the Department while serving either."

12. M.S.R. even if served while incarcerated must be
     served again after incarceration according to the
     statute that provides for it. Thus, E.M.S.R. shall
     also have to be served thereafter MSR. This, in my
     instant case, makes the already 64 years sentence
     even longer by some 24 years, as both must be served
     at $100\%$. $15+5+15+5=40$+credit for both MSR and EMSR
     at day for day which I had already served + the in
     addition to MSR and EMSR of $2+2+10+10=24$ years to
     remain in CUSTODY after first completing $100\%$ of
     the $20$ year sentence. Thus, $40+24+24=88$ years to
     remain in the CUSTODY of the IDOC on a maximum of
     $40$ years.

13. ¶I wrote to the Director of the IDOC and explained
     to him my problem. He passed it onto the ARB who
     instructed me to write a grievance and send them
     the final report. I did as instructed and wasted
     an envelope because instead of addressing the sub-
     ject, they made a "PAROLE" issue out of it. Because

I have a determinate sentence, I THINK?, I shall never be on parole, but I will have a period of time to be known as Mandatory Supervised Release.

14. Against popular belief, PAROLE and MANDATORY SUPER-VISED RELEASE are, IN FACT, **DIFFERENT!!!** Under the indeterminate sentencing structures, PAROLE was a GIFT. Made part of the total sentence. A man serv-ing a 5 year sentence would have to serve 3 years and 9 months in prison and enter into parole for the remaining time of 1 year and 3 months. Due to the fact that the Legisture did not recodify nor re-number the changing of the parole/MSR issue, it too was to be a gift, and made part of every sentence.

15. Like the purchase of gasoline, the price of a gallon is not the price at the pump. It also includes, taxes, and profits, yet it is as written therein and made in addition to the actual price per gallon of fuel. This is the same way that parole and MSR was to be applied, as a gift, to be served in place of being incarcerated to complete the overall sentence that was imposed.

16. According to past citings, "Parole/MSR cannot run while a man is incarcerated." Thus, if a man has completed 100% of his imposed sentence, which would have included his/her parole/MSR period, he must still serve a term of parole/msr which would be in additrion to, NOT AS WRITTEN THEREIN to the imposed sentence.

-7-

17. Breaking the time of my sentence down into days for
    theease of figuring, 40 years = 14,600 days. And,
    from this, according to statute, credit for time
    spent in the custody of the Livingston County Jail,
    186+186+186+186=744. Subtracting the MSR of 2 years
    and an additional 2 years for day for day credit
    totaling 4 years or 1,460 days. Subracting 10 years
    for EMSR and another 10 years for day for day credit
    20 years = 7,300 days. Subtracting 50% of the re-
    maining sentence, 2,548 days and subtracting 38 days
    for educational good time leaves 2,510 days. Subtract-
    ing 90 days for meritorious good time leaves 2,420
    days to be served prior to entering into MSR follow-
    ed by EMSR of 10 years. This would be the only way
    that a man could receive credit for time inwhich he
    would be in and remain in the custody of the IDOC/
    PRB/ISP.

18. In this instant case, 2,420 is simplty the tip of the
    iceburg. Because, I have been in custody of the IDOC
    since 10/22/93, and as of 10/21/07, I will have sl-
    ready served  14 years X 365 = 5,110 and these days
    were served at day for day, doubling the already,
    too long served time to 10,220 days with 2,420 days
    subtracted from this time, leaving 7,800 days too
    long incarcerated. Yets this is not the final dis-
    charge because MSR is INDEED MANDATORY and still must
    be served as well as EMSR, thus 2+2+10+10 served at
    50% is still forethcoming. Thus, 8,760 days still

need to be served, dispite the fact that I already have enouﾭgh time served that has completed the imposed sentence. Total time in custody = 18,980 days.

19. This brings us to COMPENSATION. Rumor has it that a fair amount of compensation is equal to $400.00 a day, plus Punitive and Cruel and Unusual Punishment totaling $1,600.oo a day.

19A. Interest of 24.9% is yet another factor which needs to be addressed. And, when exactly this interest had begun, with the first day of unlawful, illegal incarceration.

19B. Simple or compounded? Compounded Annually.

19C. Winneᵗis one thing and collecting is yet another. Thus, for not paying 100% of the amount due, for the first 30 days, by the 15th of the next days 1% is due, which shall be in addition to the overall principle and interest due.
    Every 30 days, the percentage doubles from 1 percent to 2 percent to four percent to eight et. al.
    UNTIL **PAYMENT IS MADE IN FULL.**

20. In keeping with IDOC POLICY, Payment should be in **$50.oo MONEY ORDERS.**

21. The Court needs to figure out exactly how many days I've incarcerated too long and multiply this number by $1,600.oo plus adding 24.9% and if not paid in full, impose a fine of 1% for the first 30 days, which doubles with every passing 30 days.

- 9 -

## FACTS RELEVANT TO MY APPEAL

Legislative intent for the subjects of MSR and EMSR which were thought of being Constitutional for the past two to three decade are now found as being unconstitutioal and in violation of a person's Right to DUE PROCESS, according to Mr. Jesse White, Secretary of State and State Librian who sent to my attention a news release on

### C.L.E.A.R.

which as of 03/19/2007 has made it known that the Courts of Illinois have been applying MSR/EMSR in addition to the imposed sentence rather than being made part of every sentence.

Rumor has it that the Illinois Legislature has placed their foot in their very mouths again, by making MSR/EMSR 730 ILCS 5/5-8-1(d) to be applied In Addition To, beginning 01/01/2008. This, again, is not what was intended by the 02/01/1978 Legislature, and proof of this is the fact that PAROLE WAS A GIFT, and without recodifying or renumbering, the meanings remain the same. G I F T !!!

### GOVERNOR'S PROMISES GONE AWRY

Our current Governor, while running for office, claimed if he were elected, he'd reduce to population of our prisons by at least 50%. Since he's been Governor, our population has grown, programs have been reduced and releasees are violated before they get a chance to re-enter society on MSR/EMSR.    JUST MORE MIS-INFORMATION!

- 10 -

22. According to Illinois Law, A man can suffer the
pains of incarceration or the punishment of incar-
ceration, but **NOT** **BOTH**! I was sentenced to be
serving 40 years in the ongoing custody of the De-
partment. At the sentencing portion of my trial, I
wwas not told of registering as a sex-offender for
a mperiod of ten years. Furthermore, I was hot
told that following my incarceration, and before my
release onto MSR, that I might become re-incarcer-
ated and senntenced to serve a lifelong term of in-
carceration due to being civilly committed. Civil
committment is the pains of incarceration, and at
that point, I will have already served 100% of the
punishment of incarceration. By statute, I can not
suffer the pains as well as the punishment. Thus,
for the past 10+ years, following a stent in Big
Muddy River, after talking to Ms. Almeda Ball and
Mr. Richard Carich who told me that the civil com-
mitment act was designed for people like myself,
and that I would probably be civilly committed upon
my release to MSR. This has made my incarceration
that much more difficult, which in of itself is
cruel and unusual punishment, because I can do no-
thing about this eventual plight and the threats
and intimidation may, in fact, be true!

WOULD I BE WILLING TO DROP MY APPEAL?

**YES! IF:**

This or anyother Court could show me, on paper, that I will receive credit for each and every day that I have spent in the "custody" of the Department. This would include, but may not be limited to the following:

186 days spent in custody under the 93-CF-88 case number,

186 days spent in custody under the 93-CF-89 case number.

Day for day credit for both so mentioned above.

38 Good Time Days for Education, earned in Menard.

90 Days for Meritorious Good Time Credit, 10 days of which

I have already been granted. (EXHIBIT ENCLOSED).

Credit for having to serve the Mandatory Supervised Release

Portion of my sentence to serve in custody.

Credit day for day for having to serve MSR.

Credit for having to serve Extended Mandatory Supervised Re-

lease Portion of my imposed sentence to be served in

custody.

Credit day for day for having to serve EMSR.

Credit, served day for day for any part of any day that I

have been incarcerated since 10/22/93 to date.

Finally, A court order stating the fact that I will not

have to suffer the pains of civil commitment , especially

because I have been housed in the General Population

all during my incarceration and have posed no threat

to myself, nor that of others.

And, COMPENSATION for all days including day for day credits

for days that I have remained in custody TOO LONG!

- 12 -

WHY SHOULD THE ILLINOIS SUPREME COURT REVIEW MY CASE?

1.    It's the law!

2.    The lower Courts were using case law thought as be-
      ing correct dispite the fact that per C.L.E.A.R.
      its proven that it violates a man's Right to **DUE
      PROCESS**.

3.    I'm tired of **MIS-INFORMATION**

4.    **JUSTICE**!

5.    IT WOULD BE THE **RIGHT THING TO DO**.

## CASE CITINGS:

<u>People vs CAMPA</u>, 298 Ill. Dec. 722, 640 N.E.2d 1157
       (12/01/2005) No.: 99501

       Provides the multiple meanings of the word

       <u>**CUSTODY**</u>.

<u>**People vs Latona**</u>, 234 Ill. Dec. 801, 703 N.E.2d 901
      (Ill. 1998)

          Day for day credit while being held in the
          County Jail. And, 2 cases being aggregated
          into one, both are to receive day for day
                County Jail Credits.

<u>People ex del Michaels vs Bowen</u>, 12 N.E.2d 625

          Person is imprisoned without Due Process and
      entitled to his release where it is made to appear
          that he is in confinement after his sentence
          has expired. Includes goodtime earned/given.

## CASE CITINGS PERTAINATE TO THIS INSTANT CASE

**White vs Indiana Parole Board**, 266 F.3d 759, 765, 766

"P.R.B.'s are not courts to impose a sentence,
nor, change the order of that of another court.
They may not lengthen a man time by even one day,
but can shorten the time by good time, etc..."

**People ex. rel. Johnson vs Pate**, 265 N.E.2d 144

"M.S.R. is to be served in place of incarceration
to meet the time inwhich must be served to complete
the Judicially imposed sentence."

**People vs Mapps**, 555 N.E.2d 1275 (5th Dist. West 1990)

"MSR if it attaches after 100% of the imposed
sentence has been completed, including good time,
the MSR portion is excessive and VOID!"

**People vs Arna**, 168 ILL2d 107, 113 213 ILL DEC 963, 966
658 N.E.2d 445, 448 (West 1995)

"Void Judgment can be attacked at anytime."

**Blitz vs U.S.**, 153 US 308 (1894)

"Sentences shall be determinate, specific and
certain in length."

Noting: By applying MSR/EMSR/Civil Commitment
to my sentence, it becomes indeterminate.
Uncertain, Non-Specific.

**People vs Fish**, 250 ILL DEC 72 (2000)

"M.S.R. cannot surpass that inwhich must be served."

### CITINGS (Continued)

**People vs Harvey**, 196 ILL2d 444, &53 N.E.2d 293, 299

> (West 2001)
>
> "Waiving 2 years limitation for filing 2-1401"

NOTING: When asked by the courts, What would I like

the entitlment to read, I wrote. "735 ILCS 5/2-1401".

**People vs Shinkle**, 539 N.E.2d 1238 (ILL 1989)

> "Statute ,must favor defendant"
>
> NOTING: When the Circuit Court renamed the
>
> entitlement, it should have so FAVORED ME!
>
> Not the Courts."

**C.L.E.A.R.** (Provided by Mr. Jesse White, Sec. of State)

> Cover letter and page 1 of 3, 2 of 3
>
> Dated 5/7/2007 & WWW 4/11/2007

**Ms. Kathy Newstand**, (Dixon Record Office)

> Dated: 4/26/2006 - Explains how sentence is
>
> being calculated. And, Supplying (Highlighted)
>
> 730 ILCS 5/5-8-1(d) 1, 2, 3

**Letter to IDOC/PRB** Dated: 3/20/2007 and forwarded to

> IDOC/ARB: Subject sent MSR, Became Parole issue

**Sentencing Order** 93-CF-88

**Sentencing Order** 93-CF-89

**Order to register as a Child Sex Offender** Dated: 10/25/93

> in case numbers: 93-CF88 and 93-CF-89

**G.C.C. for 20 years applied** dated 11-02-93

**ED. Credit** Dated 12/13/02 for 38 days

**MGT** Warded Dated 08/08/07 of 10 Days

> Shows elligibility to earn MGT of 90 days

NO. 4-06-0377

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT



FILED
SEP - 5 2007
CLERK OF THE
APPELLATE COURT, 4TH DIST.

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| HOWARD F. SLAJCHERT, | ) | Nos. 93CF88 |
| Defendant-Appellant. | ) | 93CF89 |
| | ) | |
| | ) | Honorable |
| | ) | Harold J. Frobish, |
| | ) | Judge Presiding. |

---

ORDER

On August 25, 1993, a jury convicted defendant, Howard
F. Slajchert, of two counts of criminal sexual assault.  On
October 22, 1993, the court sentenced defendant to two 20-year
extended-term sentences to be served consecutively.  Defendant
took no direct appeal.  Instead, he filed a postconviction
petition in August 1999 and another postconviction petition in
September 2000.  This court affirmed the dismissal of the Septem-
ber 2000 petition (People v. Slajchert, No. 4-00-0994 (August 23,
2002) (unpublished order under Supreme Court Rule 23)) and the
dismissal of the August 1999 petition (People v. Slajchert, No.
4-03-0747 (December 17, 2004) (unpublished order under Supreme
Court Rule 23)).

The instant appeal stems from a pleading filed in April
2006 entitled "Challenging Application of Illinois Statute."  The
document alleged that mandatory supervised release and sex-
offender registration unconstitutionally lengthened his sentence,
making it indeterminate, cruel and unusual punishment, and a

Page 2, 4 on back of original - In Original Filing

-1-

Page 2 on back of page 1 on original only

in treating defendant's pleading as a successive postconviction petition and dismissing it summarily without following the procedure mandated by the Illinois Supreme Court in People v. Shellstrom, 216 Ill. 2d 45, 833 N.E.2d 863 (2005), and People v. Pearson, 216 Ill. 2d 58, 833 N.E.2d 827 (2005).

The State responds that defendant invited the trial court to consider his pleading as a postconviction petition so the court did not need to follow the procedure in Shellstrom. Even if Shellstrom did apply, the State argues that failing to notify and admonish defendant under Shellstrom results in the pleading being barred from being used to affect subsequent postconviction petitions. According to the State, Shellstrom does not invalidate the recharacterization of the pleading, it simply prevents using the recharacterized petition to label a subsequent postconviction petition as successive. See People v. Higginbotham, 368 Ill. App. 3d 1137, 1141, 859 N.E.2d 634, 638 (2006) (Shellstrom does not require reversal when a trial court recharacterizes a pro se pleading as a postconviction petition, but rather holds that the recharacterized pleading cannot be considered to have become a postconviction petition for purposes of applying restrictions on successive postconviction petitions to later pleadings). Further, the State argues that the court found defendant's claims frivolous and patently without merit, and defendant does not challenge these findings.

We agree that the concerns raised in Shellstrom and Pearson are not present in this case; thus, the cause does not

- 3 -

*Page 4 on back of page 3 on original only*

claim during the initial postconviction proceeding and a showing
that the claims not raised during the initial postconviction
proceeding resulted in a conviction or sentence that violated due
process.    Pearson, 216 Ill. 2d at 68, 833 N.E.2d at 832.    The
defendant was not given the opportunity to comply with those
requirements.

In this case, defendant invited the trial court to
consider the petition to be a postconviction petition.    Defendant
had already filed two earlier postconviction petitions that were
both summarily dismissed.    Because this was potentially his third
postconviction petition, defendant must have known of the re-
quirements for successive postconviction petitions when he
invited the court to characterize the petition as a postcon-
viction petition.    Because defendant gave the court the option of
characterizing the pleading as a postconviction petition, we
assume defendant included whatever successive postconviction
claims he might have had.    Defendant attempted to argue impedi-
ments in his ability to make his argument earlier when he argued
that a void sentence could be attacked at any time and the
Sexually Violent Persons Act, which was enacted five years after
his sentence, was being applied retroactively.    Finally, the
court determined that the petition was frivolous and patently
without merit and defendant does not challenge that finding.

For the reasons stated, we affirm the trial court's
judgment.    As part of our judgment, we grant the State's request
that defendant be assessed $50 as costs for this appeal.

- 5 -



**ISL**

**ILLINOIS STATE LIBRARY**

**Jesse White
Secretary of State &
State Librarian**

Gwendolyn Brooks Building
300 South Second Street
Springfield, Illinois 62701
(217) 805-5576
www.cyberdriveillinois.com

May 7, 2007

Howard F. Slajchert
P37564
Dixon Correctional Center
2600 N. Brinton Ave.
Dixon, Illinois 61021-9532

Dear Mr. Slajchert,

     I have enclosed a copy of the "Synopsis as Introduced" for the proposed legislation that amends the Criminal Code of 1961. The actions taken in the Senate regarding this proposed legislation follow the synopsis.

     I've also included the article "CLEAR initiative to clarify outdated criminal code" by Eric Heisig to answer any further questions you may have about this bill.

     For additional questions you may have, please contact the following:

Illinois Department of Corrections
School District #428
1301 Concordia Court, PO Box 19277
Springfield, Illinois 62794-9277

Thank You,
Reference Section
Illinois State Library

- College Publisher Network

- Join the College Publisher Network
- Advertise Across the Network
- View Network Affiliates

- Select your search method
- Search

- ◉ Search This Paper
- ○ Search Google

- Top National College News
- Books
- Movies

Normal Weather
50°F/40°F

# News

Home > News

# CLEAR initiative to clarify outdated criminal code

**Eric Heisig**

**Issue date:** 3/19/07 **Section:** News

Illinois' criminal code has a few interesting clauses. That is why there is a group of people trying to overhaul and change it.

The CLEAR initiative is aimed to the reform of the outdated criminal code.

"The CLEAR initiative is a commission of judges and lawyers from both the defense bar and prosecutors and legislators who have spent about 18 months reviewing the Illinois Criminal Code," Jim Bray, spokesman for the CLEAR initiative, said.

Bray explained the last review of the criminal code was 1961.

"A lot of legislation has passed that adds to the code, but it wasn't always done in the best organized fashion," he added.

"Some of it was also thought to be unconstitutional, but was never removed."

Peter G. Baroni, the co-director for the CLEAR initiative, explained some of the problems in the criminal code.

"There is some stuff that just doesn't make sense," Baroni said. "There are tons and tons of redundancies."

Baroni also named a few examples of the problems with the code.

"There are separate theft names for the same count," Baroni said. "For example, theft of fuel, theft of library services and

at least a few other theft-related instances that already exist."

There is also the matter of what is constitutional and what is not constitutional.

**NOTE:**
"The most prevalent is the use of <u>mandatory presumptions</u>, which the <u>Supreme Court of Illinois found to be constitutional</u> in the past <u>two or three decades</u>, even though it <u>violates a person's right to due process</u>."

Recently, the group in the CLEAR initiative read and studied the entire code, which is approximately 300,000 words in length.

"They reached an agreement on what needed to be changed and better organized," Bray said. "They've done it in a way that would not change legislative attempts if they saw things they disagreed with."

The bill, according to Bray, has been introduced to the General Assembly but not yet passed.

"Bill 100, which includes most of the CLEAR recommendations, has been approved by a Senate committee this past week and is pending in the Senate," he explained.

That is not the only bill that will modify the code, according to Bray.

"Senate Bill 150 would create a new legislative commission that would review future changes for the code," he said. "That is to help prevent what happened in the last 40 years."

Baroni said there is also Senate Bill 200, which he said he hopes will be completed in the next month.

It will be about information related to sentencing reform.
Page 1 of 1

**Article Tools**

Share:

- Facebook
- Blogger
- del.icio.us
- digg
- newsvine

Subscribe:

- My Yahoo!
- Google

# Be the first to comment on this story

- .Name: (required)
- Email: (required)
-                      NOTE: Email address will not be published
- Website:

⬜ Notify me of followup comments via e-mail

Type your comment below (html not allowed)

April 26, 2006

TO:        Howard Slajchert B37564
           HC-03-11

FROM:      Kathy Newstrand, Office Associate
           Record Office

SUBJECT:   Sentence calculation

Please be advised that I have received your recent correspondence concerning your
calculation.  As I have previously reviewed your calculation and determined that the
Illinois Department of Corrections is accurately calculating and enforcing the statutes as
they are written, this issue will no longer be addressed by the Record Office.  If you feel
that you are entitled to additional remedies you will need to address the courts.

                              Kathy Newstrand
                              Record Office

*Classes of Crimes*

**730 ILCS 5/5-7-8**            **CORRECTIONS**            **510**

the service of such sentence shall satisfy the sentence of periodic imprisonment.

P.A. 77-2097, § 5-7-8, eff. Jan. 1, 1973. Amended by P.A. 80-1099, § 3, eff. Feb. 1, 1978; P.A. 82-717, § 2, eff. July 1, 1982.

**Formerly** Ill.Rev.Stat.1991, ch.38, ¶ 1005-7-8.

[1] 730 ILCS 5/5-8-3.

## ARTICLE 8. IMPRISONMENT

### 5/5-8-1.  Sentence of imprisonment for felony

§ 5-8-1.  Sentence of Imprisonment for Felony.

(a) Except as otherwise provided in the statute defining the offense, a sentence of imprisonment for a felony shall be a determinate sentence set by the court under this Section, according to the following limitations:

(1) for first degree murder,

(a) a term shall be not less than 20 years and not more than 60 years, or

(b) if the court finds that the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty or, except as set forth in subsection (a)(1)(c) of this Section, that any of the aggravating factors listed in subsection (b) of Section 9-1 of the Criminal Code of 1961 [1] are present, the court may sentence the defendant to a term of natural life imprisonment, or

(c) if the defendant,

(i) has previously been convicted of first degree murder under any state or federal law, or

(ii) is found guilty of murdering more than one victim, or

(iii) is found guilty of murdering a peace officer or fireman when the peace officer or fireman was killed in the course of performing his official duties, or to prevent the peace officer or fireman from performing his official duties, or in retaliation for the peace officer or fireman performing his official duties, and the defendant knew or should have known that the murdered individual was a peace officer or fireman, or

(iv) is found guilty of murdering an employee of an institution or facility of the Department of Corrections, or any similar local correctional agency, when the employee was killed in the course of performing his official duties, or to prevent the employee from performing his official duties, or in retaliation for the employee performing his official duties, the court shall sentence the defendant to a term of natural life imprisonment;

(2) for a person adjudged a habitual criminal under Article 33B of the Criminal Code of 1961, as amended,[2] the sentence shall be a term of natural life imprisonment.

(3) except as otherwise provided in the statute defining the offense, for a Class X felony, the sentence shall be not less than 6 years and not more than 30 years;

(4) for a Class 1 felony, the sentence shall be not less than 4 years and not more than 15 years;

(5) for a Class 2 felony, the sentence shall be not less than 3 years and not more than 7 years;

(6) for a Class 3 felony, the sentence shall be not less than 2 years and not more than 5 years;

(7) for a Class 4 felony, the sentence shall be not less than 1 year and not more than 3 years.

(b) The sentencing judge in each felony conviction shall set forth his reasons for imposing the particular sentence he enters in the case, as provided in Section 5-4-1 of this Code.[3]  Those reasons may include any mitigating or aggravating factors specified in this Code, or the lack of any such circumstances, as well as any other such factors as the judge shall set forth on the record that are consistent with the purposes and principles of sentencing set out in this Code.

(c) A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 30 days after the sentence is imposed.  However, the court may not increase a sentence once it is imposed.

If a motion to reduce a sentence is timely filed within 30 days after the sentence is imposed, the proponent of the motion shall exercise due diligence in seeking a determination on the motion and the court shall thereafter decide such motion within a reasonable time.

If a motion to reduce a sentence is timely filed within 30 days after the sentence is imposed, then for purposes of perfecting an appeal, a final judgment shall not be considered to have been entered until the motion to reduce a sentence has been decided by order entered by the trial court.

A motion to reduce a sentence shall not be considered to have been timely filed unless it is filed with the circuit court clerk within 30 days after the sentence is imposed together with a notice of motion, which notice of motion shall set the motion on the court's calendar on a date certain within a reasonable time after the date of filing.

(d) Except where a term of natural life is imposed, every sentence shall include as though written therein a term in addition to the term of imprisonment.  For those sentenced under the law in effect prior to February 1, 1978, such term shall be identified as a parole term.  For those sentenced on or after February 1, 1978, such term shall be identified as a mandatory supervised release term.  Subject to earlier termination under Section 3-3-8,[4] the parole or mandatory supervised release term shall be as follows:

(1) for first degree murder or a Class X felony, 3 years;

(2) for a Class 1 felony or a Class 2 felony, 2 years;

(3) for a Class 3 felony or a Class 4 felony, 1 year.

(e) A defendant who has a previous and unexpired sentence of imprisonment imposed by another state or by any district court of the United States and who, after sentence for a crime in Illinois, must return to serve the unexpired prior sentence may have his sentence by the Illinois court ordered to be concurrent with the prior sentence in the other state.  The court may order that any time served on the unexpired portion of the sentence in the other state, prior to his return to Illinois, shall be credited on his Illinois sentence.  The other state shall be furnished with a copy of the order imposing sentence which shall provide that, when the offender is released from confinement of the other state, whether by parole or by termination of sentence, the offender shall be transferred by the Sheriff of the committing county to the Illinois Department of Corrections.  The court shall cause the Department of Corrections to be notified of such sentence at the time of commitment and to be provided with copies of all records regarding the sentence.

RECEIVED

Inmate, Howard F. Slajchert, B-37564
c/o Dixon Correctional Center
2600 North Brinton Avenue
Dixon, Illinois 61021-9532

MAR 2 3 2007

PRISONER REVIEW
BOARD

State of Illinois
Illinois Prisoner's Review Board
319 East Madison Street, Suite "A"
Springfield, Illinois 62701

20, March 2007

Subject: Application of Mandatory Supervised Release and Extended
Term Mandatory Supervised Release and Credits spplied for
having to serve either

To whom it may concern;

Sentenced in Livingston County, Illinois in cases 93-CF-88 &
93-CF-89 to the following termos of incarceration: 15+5+15+5=40
years, with 2 years of Mandatory Supervised Release.

730 ILCS 5/5-8-1(d) claims the Mandatory Supervised Release
portion of my sentence shall be made part of every sentence and is
to be made in addition to the term of incarceration. I and several
employees of the Department don't understand how this can be true.
We don't understand how the time to be served in custody of the
Department can be both "In Addition To" and "Made Part of the sentence
to be served" at the same time.

As is, I've been witness to other inmates serving a sentence
of 50% of a given sentence and after applying Good Conduct Credit
to equal 100% of the Judicially imposed sentence, then serving an
additional 1, 2, or 3 years Mandatory Supervised Release beyond
the maximum of the 100% sentence means that the Mandatory Super-
vised Release portion of the sentence is in addition to the sentence,
**NOT MADE PART OF THE SENTENCE TO BE SERVED IN CUSTODY OF THE DE-
PARTMENT.**

Yet, during the same time, many inmates have challenged the
Mandatory Supervised Release portion of their sentence and their
Circuit Courts have given them time cuts in the same amount of
the length of their Mandatory Supervised Releases. ie: 50 years
at 50% = 25 years - 3 years MSR = 22 years, followed by the 3 yr
Mandatory Supervised Release to equal 22+3+25=50.

Upon my arrival at the IDOC my sentence was reduced by 20
years claiming it was for Good Conduct Credits for the next 20 yrs.
that I had **NOT EARNED AS OF YET.** In the Sentence Calculation Work-
sheet, there was no mention of Mandatory Supervised Release, thus
I haven't received any credit for Mandatory Supervised Release, nor
Extended Term Mandatory Supervised Release of ten (10) years.

Per 730 ILCS 5/5-8-7(b), "An inmate shall receive credit against
the time to be served for any part of any day spent in the CUSTODY
of the Department.

730 ILCS 5/3-14-2, "An inmate remains in the CUSTODY of the
Department while serving the Mandatory Supervised Release portion
of their sentence."

RECEIVED

OFFICE OF

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
### Return of Grievance or Correspondence

Offender: _Slajchert_    _Haward_ ___ MI ___ _B37564_ IC#
Last Name    First Name

Facility: _OIV_

☐ Grievance (Local Grievance # (if applicable): _____ )  or ☒ Correspondence

Received: _3 27 07_    Regarding: _parole_
Date

The attached grievance or correspondence is being returned for the following reasons:

Additional information required:

☐ Use the Committed Person's Grievance Report, DOC 0047 (formerly DC 5657), including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide a copy of the Committed Person's Grievance, DOC 0046 (formerly DC 5657) including the counselor's response if applicable).

☐ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.

☒ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to:  Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL  62794-9277

Misdirected:

☒ Contact your correctional counselor regarding this issue.

☐ Request restoration of Good Conduct Credits (GCC) to Adjustment Committee. If request is denied, utilize the inmate grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to:  Illinois Prisoner Review Board
319 E. Madison St., Suite A
Springfield, IL  62706

No further redress:

☐ Award of Meritorious Good Time (MGT) and Statutory Meritorious Good Time (SMGT) are administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on ___/___/___.
Date

☐ No justification provided for additional consideration.

Other (specify): _____

Completed by: _Melody J. Ford_    _Melody J. Ford_  _3 27 07_
Print Name    Signature    Date

Distribution:  Offender; Inmate Issues

DOC 0070 (10/2001)
(Replaces DC 710-1274)

730 ILCS 5/3-14-2.5, An inmate remains in the CUSTODY of the Department while serving the Extended Term Mandatory Supervised Release portion of their sentence."

Thus, my **question remains**, How, after first applying County Jail Credits to my sentence and reducing my sentence by Good Conduct Credit, and applying Educational Good Time (Earned), and applying Meritorious Good Time, and applying a 2 year Mandatory Supervised Release, and applying the ExtendeddTerm Mandatory Supervised Release portion of my sentence to be served in CUSTODY am I still incarcerated?

NOTING:

White vs Indiana Parole Board, 266 F.3d 759, 765, 766 (7th Cir. 2001)

Peo. ex rel Johnson vs Pate, 265 N.E.2d 144

Peo. vs Whitfield, 209 Ill.2d 599

Peo. vs Mapps, 555 N.E.2d 1275 (5th Dist. 1990)

Peo. vs Shinkle, 539 N.E.2d 1238 (Ill. 1989)

Peo. ex rel Michael vs Bowen, 12 N.E.2d 625

### PLEASE  EXPLAIN:

In detail, so that there will be **NO** question as to how I

SHALL receive credit for the MSR & EMSR as being made part of

my sentence to be served in **CUSTODY** of the Department.

Thank You,  Respectfully,

Inmate, Howard F. Slajchert, B-37564
c/o Dixon Correctional Center
2600 North Brinton Avenue
Dixon, Illinois 61021-9532

RECEIVED

MAR 27 2007

OFFICE OF
INMATE ISSUES

FURTHER NOTING:

Should I have to first complete 100% of the 40 year sentence before entering into the MSR & EMSR portions of the sentence to be served in CUSTODY, I will be serving a **64** Year sentence of a 40 year sentence as sentenced by the Livingston County Courts.

CREDIT IN ADVANCE IS POSSIBLE:

Credit for Good Conduct was given in-advance, so credits for MSR & EMSR AN be given in advance as well. But, ONLY IF MADE AS BEING PART OF THE OVERALL SENTENCE, and MSR/EMSR shall be served at 100%. 40-20-2-10=8 w/GCC included s part of the overall sentence.

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
LIVINGSTON COUNTY, ILLINOIS

FILED IN CIRCUIT COURT
PEOPLE OF THE STATE OF ILLINOIS OF LIVINGSTON COUNTY, ILLINOIS

vs.                          OCT 2 5 1993          No.   93 CF 88

HOWARD F. SLAJCHERT          *Judith K. Grimes*
                                    CLERK

### ORDER AND JUDGMENT ON SENTENCE

          Now comes the People of the State of Illinois, by the
State's Attorney of Livingston County, Illinois, and the
defendant, in his own proper person and represented by his
counsel of record; the court having found the age of the
defendant to be 43 years; and the court having heard evidence in
mitigation and aggravation of the offense, and now the defendant
saying nothing further why sentence of the court should not be
pronounced against him; and after due consideration and
deliberation, IT IS THEREFORE ORDERED AND ADJUDGED by the court
that said defendant is hereby sentenced as follows:

          1.   Defendant shall serve an extended term of twenty
(20) years imprisonment in the Illinois Department of Corrections
for the Class 1 felony offense of Criminal Sexual Assault.

          2.   Defendant shall receive credit for 186 days time
spent in custody awaiting trial in this matter.

          3.   Defendant shall pay any court costs, to the extent
not paid from bond, in the amount of $ 241.00 to the Circuit
Clerk of Livingston County, Pontiac, Illinois 61764, within one
year of defendant's release from the Department of Corrections.
Defendant's payment of costs shall be dependent upon defendant's
financial circumstances upon release from the Department of
Corrections and defendant shall request an extension of time to
make said payments if necessary.

          JUDGMENT is entered on the sentence.

          ENTERED this 22nd day of October, 1993.

                              _____
                              CHARLES E. GLENNON    Circuit Judge

STATE OF ILLINOIS
COUNTY OF LIVINGSTON    ss
I hereby certify that this is a true
copy of the original on file in my office.
Date Oct 25 1993
Judith K. Grimes
Clerk of the Circuit Court

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
LIVINGSTON COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS

**FILED IN CIRCUIT COURT**
**OF LIVINGSTON COUNTY, ILLINOIS**

vs.                                          OCT 2 5 1993          No.   93 CF 89

HOWARD F. SLAJCHERT

Judith K. Crumes
**CLERK**

ORDER AND JUDGMENT ON SENTENCE

Now comes the People of the State of Illinois, by the
State's Attorney of Livingston County, Illinois, and the
defendant, in his own proper person and represented by his
counsel of record; the court having found the age of the
defendant to be 43 years; and the court having heard evidence in
mitigation and aggravation of the offense, and now the defendant
saying nothing further why sentence of the court should not be
pronounced against him; and after due consideration and
deliberation, IT IS THEREFORE ORDERED AND ADJUDGED by the court
that said defendant is hereby sentenced as follows:

1.    Defendant shall serve an extended term of twenty
(20) years imprisonment in the Illinois Department of Corrections
for the Class 1 felony offense of Criminal Sexual Assault.

2.    Defendant shall receive credit for 186 days time
spent in custody awaiting trial in this matter.

3.    Defendant's sentence in this cause shall be served
consecutive to defendant's sentence in Livingston County Case
Number 93-CF-88.

4.    Defendant shall pay any court costs, to the extent
not paid from bond, in the amount of $ 129.00 to the Circuit
Clerk of Livingston County, Pontiac, Illinois 61764, within one
year of defendant's release from the Department of Corrections.
Defendant's payment of costs shall be dependent upon defendant's
financial circumstances upon release from the Department of
Corrections and defendant shall request an extension of time to
make said payments if necessary.

JUDGMENT is entered on the sentence.

ENTERED this 22nd day of October, 1993.

CHARLES E. GLENNON - Circuit Judge

STATE OF ILLINOIS                    ss
COUNTY OF LIVINGSTON
I hereby certify this is a true
copy of the original on file.
Date    Oct 25, 1993
Judith K. Crumes
Clerk of the Circuit Court

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
LIVINGSTON COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS,

**FILED IN CIRCUIT COURT**
**OF LIVINGSTON COUNTY, ILLINOIS**

vs.

OCT 2 5 1993

No. 93 CF 88 &
93 CF 89

HOWARD F. SLAJCHERT,

Defendant.

CLERK

## CERTIFICATION BY SENTENCING COURT OF DEFENDANT
## AS A "CHILD SEX OFFENDER"
## (COMMITMENT TO DEPARTMENT OF CORRECTIONS)

The court, being fully advised, FINDS:

1.    Defendant has been convicted of the following "sex offense" involving a victim under the age of 18 years, with said conviction having occurred after January 1, 1993:

Criminal Sexual Assault (two counts)

2.    A copy of this Certification is required to be forwarded to the Illinois Department of Corrections, together with the Order of Commitment entered in this cause.

WHEREFORE, IT IS ORDERED:

A.    The defendant is hereby certified to be a "Child Sex Offender" pursuant to the provisions of the Illinois Child Sex Offender Registration Act, and shall be subject to all reporting and registration requirements contained therein.

B.    The Circuit Clerk of Livingston County, Illinois, shall transmit to the Illinois Department of Corrections a copy of this Certification together with the sentencing order committing defendant to the Illinois Department of Corrections. Upon discharge from the Illinois Department of Corrections, they shall advise the defendant of his duty to register, obtain his proposed address upon release, and report said address to the Illinois Department of State Police.

DATED this 22nd day of October, 1993.

ENTER:

_____
JUDGE.



## SENTENCE CALCULATION WORK SHEET

### CONSECUTIVE SENTENCE - DETERMINATE/MISDEMEANOR TO
### DETERMINATE/MISDEMEANOR/PRISONER REVIEW BOARD OPT DATES

NAME Howard F. Slaycher NUMBER B37564 DATE 11-2-93

(STEP 1)

186 days

YR.  MO.  DAY

20        93 CF 88
          (1st Sentence)
          93 CF 89                    93 - 10 - 22
+   20    (Consecutive Sentence)           6    6
          (Consecutive Sentence)      _____
+                                          93   4   16
   40     (Total Aggregated Sentence)

(STEP 2)

YR.  MO.  DAY

93  4  16  (Custody Date or P.R.B. Projected Out Date)

+   20     (Agg. Sent. less G.C.C. or CS less G.C.C.)

2013  4  16  (Projected Out Date)

+ or -       (Previous time lost or awarded)

             (Adjusted Projected Out Date)

(STEP 3)

YR.  MO.  DAY

93  4  16  (Custody or P.R.B. Mandatory Release Date)

+   40     (Agg. Sentence or C.S.)

2033  4  16  (Mandatory Out Date)

+ or -       (Previous time lost)

             (Adjusted Mandatory Out Date)

---

ADJUSTED PROJ. OUT DATE 4-16-2013  TERMINAL OPERATOR _____  ENTERED O.T.S.
MANDATORY OUT DATE 4-16-2033  DATE ENTERED _____
CALCULATED BY _____                    NOV 08 1993

DCA 1372                                INITIALS _____
IL 426-5116                             MENARD C C

31-10

## SENTENCE CALCULATION WORK SHEET

### CONSECUTIVE SENTENCE - DETERMINATE/MISDEMEANOR TO DETERMINATE/MISDEMEANOR/PRISONER REVIEW BOARD OPT DATES

NAME **Howard Slajchert** NUMBER **B37564** DATE **12-13-02**

#### (STEP 1)

YR.  MO.  DAY

$20-00-00$ (1st Sentence) 93 CF 88

+ $20-00-00$ (Consecutive Sentence) 93 CF 89

+ _____ (Consecutive Sentence)

**40 yrs** (Total Aggregated Sentence)

186 days per mitt

```
  93.10.22
-    06.06
  93.04.16
```

#### (STEP 2)

YR.  MO.  DAY

**93.04.16** (Custody Date or P.R.B. Projected Out Date)

+ **20** (Agg. Sent. less G.C.C. or CS less G.C.C.)

**13.04.16** (Projected Out Date)

+ or ⊖ **1.08** (Previous time lost or (awarded)) 38 days GCC

**13.03.08** (Adjusted Projected Out Date)

#### (STEP 3)

YR.  MO.  DAY

**93.04.16** (Custody or P.R.B. Mandatory Release Date)

+ **40** (Agg. Sentence or C.S.)

**33.04.16** (Mandatory Out Date)

+ (or - _____ (Previous time lost)

_____ (Adjusted Mandatory Out Date)

---

ADJUSTED PROJ. OUT DATE **3-08-2013** TERMINAL OPERATOR _____
MANDATORY OUT DATE **4-16-2033** DATE ENTERED _____
CALCULATED BY _____

DCA 1372
IL 426-5116

**MERITORIOUS GOOD TIME WHEN SENTENCE IS DETERMINATE UNDER 1978 LAW**

NAME _Howard Stephen_ NUMBER _B37564_ DATE _8/8/0_

**(STEP 1)**

Yr. Mo. Day

_10ngl_   (Meritorious Good Time Awarded
            By The Director On _8-6-01_   )

**(STEP 2)** (MITTIMUS NUMBER _93CF 88 + 89_   )

PROJECTED OUT DATE

Yr. Mo. Day

```
93 - 4 - 16
+ 20 - 0 - 0        (Custody Date)
                    (Sentence Less G.C.C.)
13 - 4 - 16         (Projected Out Date or
                    PRB Projected Out Date)
+ or 0   - 1 - 8    (Previous Time - Lost/Awarded)  OGCC
13 - 3 - 8          (Projected Out Date)
  0 - 0 - 10        (Meritorious Good Time)
13 - 2 - 28         (Adjusted Projected Out Date)
```

**(NOTATION)**

Yr. Mo. Day

_____   (Recustody Date)
          (Bond, Escape, Etc.)
          (Time Lost)

Adj. Proj. Out Date _2-28-13_    Terminal Operator_____
Calculated By _____    Date Entered_____

DC 1329 (Rev.10/96 )
IL 426-00529

### SENTENCE – IN A NUTSHELL

Judicially imposed sentences cannot be lengthened at anytime after once they have been prononunced upon a defendant. The Illinois Legislature has made it possible for the Courts of the Statee of Illinois to lower the amount of time a person is to be exposed to incarceration by reducing a person's sentence with any of the following: A) County Jail Credit;

B) Good Conduct Credit;

C) Educational Good Time Credit;

D) Program Good Conduct Credit;

E) Awarded Good Time Credit.

### IN THIS INSTANT CASE

15 + 5 + 15 + 5 = 40 followed by 2 years MSR is the Order. But, the I.D.O.C. in their figuring, figured: 15 + 5 + 15 + 5 = 40 less County Jail Credit of 186 days, dispite 186 + 186 + 186 + 186 days totaling 744 days was the Order, reducing the 40 year sentence to 39 years, 5 months, 24 days, then applied the Good Conduct Credit of 50% of the balance, leaving a new balance of 19 years, 8 months, 27 days, subtracting 38 Educational Good Time days, leaving 19 years, 7 months, 19 days, subtracting 90 days for Meritorious Good Time Credit, leaving a new balance of 19 years 4 months, 19 days, to be incarcerated, PLUS(*) MSR of 2 years at 100% leaves a new balance of 21 years, 4 months, 19 days, PLUS(*) S.O.R.A. of 10 years at 100% leaves me serving 31 years, 4 months 19 days of a **20 YEAR SENTENCE** or 11 years, 4 months, and 19 days

### TOO LONG !!!

(*): Noting: **NO** Good Time Credit was taken from the sentence to be served which is in violation of: 730 ILCS 5/5-8-7(b), and is in violation of: 730 ILCS 5/5-8-1(d) because neither the MSR nor SORA

was made as being made part of the sentence to be served, or
**AS WRITTEN THEREIN**, but was in fact and in practice, made **IN
ADDITION TO** the sentence to be served incarcerated and in

<u>**CUSTODY !!!**</u>


I will have served (Actual), 31 years, 4 months, 19 days of
a <u>**20 YEAR SENTENCE**</u>. But, **IF** (day for day) credits are to be added
onto the credits, then this will increase the amount of time that
I will have been in the CUSTODY of the Department by another

**12 YEARS !!!**


Then, I will have been in the CUSTODY of the Department for
a total of: <u>**43 YEARS**</u>, <u>**4 MONTHS**</u>, <u>**19 DAYS**</u>, or

23 YEARS, 4 MONTHS, 19 DAYS    <u>**TOO**</u>  <u>**LONG**</u>   **!!!**


IF Time waits for NO man, How can I be Compensated for this time?


- OR -


Can this Honorable Court show me, HOW I AM TO RECEIVE THIS CREDIT
FOR MSR and SORA <u>OFF</u> my Judicially Imposed Sentence to be served
in CUSTODY?


- OR -


Can this Honorable Court change my mittimus to include both the
Mandatory Supervised Release and Sex-Offender's Registration
so that my sentence to be served in custody becomes CONSTITUTIONAL?
And, Credit shall be awarded as statute claims.

## INDEX

a1 - a4 4 Page request for Pro Bono Respresntation
b1       List of the Law Firms I sought representation from
A-1      01/16/2008 New Forms
A2       Prisoner's Correspondence Form
B1       Summons in Civil Case - Ms. Nedra Chandler
C1       Motion for Appointment of Counsel
On Back  Court Cases, Numbers, Judge's, Titles, Attorney's
C2       Illinois Supreme Court Granting Forma Pauperis
D1       Petition for Writ of Habeas Corpus
                                Person In State Custody
D2       Part I: Trial and Direct Review
D3       Part II: Collateral Proceedings, 1-A thru Ib
D4       Continued 2 thru 4
D5       Part III: Petitioner's Claim 5, (1) (a) (b)
D6       Continued C, D, (2), (3)
D7       Part IV: Representation A, B,C, D, E, F, G
         Part V: Future Sentence
E1       730 ILCS 5/5-8-1(d) - Not Ambiguous
         Gasoline
E2       MSR, EMSR and Parole - How They Differ
E3       My Challenge of This Court
E4       The Issue of Civil Commitment
E5       Using Illinois Statute as they are effecting me,
                    Retroactive, and/or Unconstitutional or not



**STATE OF ILLINOIS**

# APPELLATE COURT

**FOURTH DISTRICT**

**201 W. MONROE STREET**

**P.O. BOX 19206**

**SPRINGFIELD, IL 62794-9206**

CLERK OF THE COURT
(217) 782-2586

RESEARCH DIRECTOR
(217) 782-3528

COUNSEL WILL PLEASE NOTE:

You may file a petition for rehearing within 21 days (by _03/14/08_ ) from the date of this judgment (Rule 367(a)).

If you intend to appeal to the Supreme Court you must file a petition for leave to appeal within 35 days (by _03/28/08_ ) from the date of this judgment (Rule 315(b)).

IF NEITHER IS FILED our mandate will issue to the Circuit Court or appropriate agency on _03/28/08_ .

IF A PETITION FOR REHEARING IS FILED, our mandate will issue 35 days after the Order, IF DENIED.

THIS TIME SCHEDULE DOES NOT SHORTEN THE TIME FOR FILING IN THE SUPREME COURT! It does prevent recall of a mandate. We solicit your cooperation in this schedule so that we may expedite our caseload and issue our mandates as soon as possible.

ALSO PLEASE NOTE: OPINIONS ONLY

Attached to the enclosed copy of the Opinion in this case is a cover sheet indicating the manner in which counsel will be listed in the various reports of this Opinion. If your name is incorrectly listed, or if a name has been incorrectly included or omitted, please immediately convey that information to this office at 217-782-2586. Please also inform the Reporter of Decisions at 309-827-8513 so that a correct listing of counsel can be made in the official and unofficial reports of this case.

Thank you.


DARRYL PRATSCHER, Clerk
Appellate Court
Fourth District

DP:mjs

Rule 23 Order Filed:   02/22/08

Oral Argument Held:

Justices:                 Honorable Robert W. Cook, J.

                          Honorable Sue E. Myerscough, J. - CONCUR

                          Honorable John W. Turner, J. - CONCUR



Chief Judge _____

Other          _____

```
11/09/07                    ILLINOIS APPELLATE COURT          PAGE   41
APBFSPRB.P                       FOURTH DISTRICT              4-07-0367
                               ---FACT SHEET---              SC Rule 606
```

```
4-07-0367    THE PEOPLE OF THE STATE OF ILLINOIS,     STATUS:    ACTIVE
                     Plaintiff-Appellee,              AUTHOR:    RWC
                          v.                          PANEL:     SEM JWT
             HOWARD F. SLAJCHERT,                      RECUSALS:
                     Defendant-Appellant.             SUBMITTED: 11/08/07
                                                      ASSIGNED:
                                                      READY:     10/15/07

                                                      CNTY: Livingston (11)
TRIAL JUDGE: Frobish, Harold J.
TRIAL COURT NO.: 93CF88
                 93CF89
```

```
Appellant
     ATTORNEY: Daniel D. Yuhas
               Office of State Appellate Defender
               400 W. Monroe St., Suite 303, POB 5240
               Springfield, IL  62705
               217/782-3654
           FEE:      WVD  DATE:              RECEIPT NO.:
               COURT APPOINTED
     ATTORNEY: Gary R. Peterson
               Asst. Defender, Office of State Appellate Defender
               400 S. Ninth St., Suite 102, POB 5750
               Springfield, IL  62705-5750
               217/782-3654
       PARTY:  Howard F. Slajchert
               REG NO: B-37564
               Dixon Correctional Center
               2600 North Brinton Avenue
               Dixon, IL  61021
               AC DESG: Appellant      TC DESG: Defendant
               IN CUSTODY
-----------------------------------------------------------------------
Appellee
     ATTORNEY: Thomas J. Brown
               Livingston County State's Attorney
               Livingston County Courthouse
               Pontiac, IL  61764
               815/844-5169
           FEE:      WVD  DATE:              RECEIPT NO.:
     ATTORNEY: Norbert J. Goetten Director
               State's Attorneys Appellate Prosecutor
               725 S. Second St.
               Springfield, IL  62704
     ATTORNEY: Robert J. Biderman
               Dep. Director, State's Attorneys Aplt.Prosecutor
               725 S. Second Street
               Springfield, IL  62704
               217/782-1628
     ATTORNEY: Linda Susan McClain
               Staff Attorney, State's Attorneys Aplt. Prosecutor
               725 S. Second Street
               Springfield, IL  62704
               217/782-8076
       PARTY:  People
               AC DESG: Appellee       TC DESG: Petitioner
```

NO. 4-07-0367

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT



| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS,<br>        Plaintiff-Appellee,<br>        v.<br>HOWARD F. SLAJCHERT,<br>        Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Appeal from<br>Circuit Court of<br>Livingston County<br>Nos. 93CF88<br>    93CF89<br><br>Honorable<br>Harold J. Frobish,<br>Judge Presiding. |

ORDER

In 1993, a jury convicted defendant, Howard F.
Slajchert, of two counts of criminal sexual assault.  The trial
court sentenced him to 2 consecutive 20-year extended terms of
imprisonment.  Defendant did not pursue a direct appeal.

In 1999, defendant filed a pro se postconviction
petition.  The trial court dismissed the petition, but this court
remanded the case for further proceedings.  People v. Slajchert,
No. 4-99-0810 (January 16, 2003) (unpublished order under Supreme
Court Rule 23).  On remand, the court granted the State's motion
to dismiss the petition, and this court affirmed the dismissal.
People v. Slajchert, No. 4-03-0747 (December 17, 2004) (unpub-
lished order under Supreme Court Rule 23).  In 2000, while the
appeal from the dismissal of his first postconviction petition
was pending, defendant filed a second postconviction petition.
The trial court dismissed that petition, and this court affirmed
that dismissal as well.  People v. Slajchert, No. 4-00-0994
(August 23, 2002) (unpublished order under Supreme Court Rule

23).

In April 2006, defendant filed a pleading entitled "Challenging Application of Illinois Statute," alleging that mandatory supervised release and sex-offender registration unconstitutionally lengthened his sentence, making it indetermi- nate, cruel, and unusual punishment, and a violation of Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). Defendant also argued that (1) his consecutive sentences were unauthorized, (2) the Sexually Violent Persons Act (725 ILCS 207/1 through 99 (West 2004)) was unconstitutionally being applied retroactively and making his sentence indeterminate, and (3) he should have received sentence credit against four counts. Defendant urged that he had served 15 years too long and should be compensated for that time at $540 per day, payable in $50 money orders. In a letter accompanying the pleading, defendant wrote, "I don't know if I should be filing it as a POST-CONVIC- TION PETITION, MANDAMUS, WRIT OF HABEAS CORPUS, OR WHATEVER?" and asked the trial court to "Title the enclosed challenges as whatever you feel right and proper."

The trial court elected to treat the pleading "as an additional pro se Post-Conviction Petition" and dismissed it as frivolous and patently without merit on April 21, 2006. Defen- dant appealed, alleging the trial court erred in treating the pleading as a successive postconviction petition and summarily dismissing it. This court concluded that the trial court did not err when it treated defendant's pleading as a postconviction

- 2 -

petition as defendant had invited it to do and noted that defendant did not challenge the trial court's finding that the petition was frivolous and patently without merit.  People v. Slajchert, No. 4-06-0377 (September 5, 2007) (unpublished order under Supreme Court Rule 23).

On March 27, 2007, while defendant's appeal of the dismissal of his April 2006 pleading was pending, defendant filed another pleading entitled "Correction of Prior Entitlement to 2-1401--Relief in Judgment."  He alleged that the trial court should have considered his April 2006 pleading as either a section 2-1401 petition or a writ of habeas corpus.  On March 29, 2007, the trial court dismissed the pleading, finding that the claims were frivolous and the pleading constituted "a duplicative action on the part of the defendant and should not be entertained once again."

Defendant appeals the trial court's March 29, 2007, dismissal of the March 2007 document.  The office of the State Appellate Defender (OSAD) has moved to withdraw on appeal pursuant to Pennsylvania v. Finley, 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987).  Defendant has responded, but his arguments are either incoherent, irrelevant to the issue at hand, identical to claims he has already raised, or without a basis in law.

The trial court did not err when it dismissed defendant's March 27, 2007, request to correct the title of his April 2006 pleading.  The court had dismissed the April 2006 pleading

- 3 -

over 11 months earlier on April 21, 2006. Defendant filed a notice of appeal from that dismissal on May 1, 2006, thereby depriving the trial court of jurisdiction to entertain further pleadings. See <u>People v. Bounds</u>, 182 Ill. 2d 1, 3, 694 N.E.2d 560, 561 (1998) (when notice of appeal is filed, the appellate court's jurisdiction attaches <u>instanter</u>, and the cause is beyond the jurisdiction of the trial court). Moreover, in our order of September 5, 2007, this court held against defendant on the very issue he complains of in this appeal. <u>People v. Slajchert</u>, No. 4-06-0377 (September 5, 2007) (unpublished order under Supreme Court Rule 23). Because no arguably meritorious grounds for appeal exists, we grant OSAD's request to withdraw and affirm the order dismissing the March 27, 2007, pleading titled "Correction of Prior Entitlement to 2-1401 - Relief in Judgment."

OSAD's motion to withdraw as counsel on appeal is granted, and the judgment of the trial court dismissing defendant's March 27, 2007, pleading is affirmed.

Affirmed.

COOK, J., with MYERSCOUGH and TURNER, JJ., concurring.

GP

Rec'd 2/29/08 HFS
By Legal Mail USPS

NO. 4-07-0367

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT



FILED
FEB 2 2 2008
CLERK OF THE
APPELLATE COURT, 4TH DIST.

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS,<br>　　　　Plaintiff-Appellee,<br>　　　　v.<br>HOWARD F. SLAJCHERT,<br>　　　　Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Appeal from<br>Circuit Court of<br>Livingston County<br>Nos. 93CF88<br>　　　93CF89<br><br>Honorable<br>Harold J. Frobish,<br>Judge Presiding. |

ORDER

In 1993, a jury convicted defendant, Howard F. Slajchert, of two counts of criminal sexual assault. The trial court sentenced him to 2 consecutive 20-year extended terms of imprisonment. Defendant did not pursue a direct appeal.

In 1999, defendant filed a <u>pro</u> <u>se</u> postconviction petition. The trial court dismissed the petition, but this court remanded the case for further proceedings. <u>People v. Slajchert</u>, No. 4-99-0810 (January 16, 2003) (unpublished order under Supreme Court Rule 23). On remand, the court granted the State's motion to dismiss the petition, and this court affirmed the dismissal. <u>People v. Slajchert</u>, No. 4-03-0747 (December 17, 2004) (unpublished order under Supreme Court Rule 23). In 2000, while the appeal from the dismissal of his first postconviction petition was pending, defendant filed a second postconviction petition. The trial court dismissed that petition, and this court affirmed that dismissal as well. <u>People v. Slajchert</u>, No. 4-00-0994 (August 23, 2002) (unpublished order under Supreme Court Rule

23).

In April 2006, defendant filed a pleading entitled "Challenging Application of Illinois Statute," alleging that mandatory supervised release and sex-offender registration unconstitutionally lengthened his sentence, making it indeterminate, cruel, and unusual punishment, and a violation of _Apprendi v. New Jersey_, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). Defendant also argued that (1) his consecutive sentences were unauthorized, (2) the Sexually Violent Persons Act (725 ILCS 207/1 through 99 (West 2004)) was unconstitutional being applied retroactively and making his sentence indeterminate, and (3) he should have received sentence credit against four counts. Defendant urged that he had served 15 years too long and should be compensated for that time at $540 per day, payable in $50 money orders. In a letter accompanying the pleading, defendant wrote, "I don't know if I should be filing it as a POST-CONVICTION PETITION, MANDAMUS, WRIT OF HABEAS CORPUS, OR WHATEVER?" and asked the trial court to "Title the enclosed challenges as whatever you feel right and proper."

The trial court elected to treat the pleading "as an additional _pro_ _se_ Post-Conviction Petition" and dismissed it as frivolous and patently without merit on April 21, 2006. Defendant appealed, alleging the trial court erred in treating the pleading as a successive postconviction petition and summarily dismissing it. This court concluded that the trial court did not err when it treated defendant's pleading as a postconviction

- 2 -

petition as defendant had invited it to do and noted that defen-
dant did not challenge the trial court's finding that the peti-
tion was frivolous and patently without merit.  People v.
Slajchert, No. 4-06-0377 (September 5, 2007) (unpublished order
under Supreme Court Rule 23).

On March 27, 2007, while defendant's appeal of the
dismissal of his April 2006 pleading was pending, defendant filed
another pleading entitled "Correction of Prior Entitlement to 2-
1401--Relief in Judgment."  He alleged that the trial court
should have considered his April 2006 pleading as either a
section 2-1401 petition or a writ of habeas corpus.  On March 29,
2007, the trial court dismissed the pleading, finding that the
claims were frivolous and the pleading constituted "a duplicative
action on the part of the defendant and should not be entertained
once again."

Defendant appeals the trial court's March 29, 2007,
dismissal of the March 2007 document.  The office of the State
Appellate Defender (OSAD) has moved to withdraw on appeal pursu-
ant to Pennsylvania v. Finley, 481 U.S. 551, 95 L. Ed. 2d 539,
107 S. Ct. 1990 (1987).  Defendant has responded, but his argu-
ments are either incoherent, irrelevant to the issue at hand,
identical to claims he has already raised, or without a basis in
law.

The trial court did not err when it dismissed defen-
dant's March 27, 2007, request to correct the title of his April
2006 pleading.  The court had dismissed the April 2006 pleading

- 3 -

over 11 months earlier on April 21, 2006. Defendant filed a notice of appeal from that dismissal on May 1, 2006, thereby depriving the trial court of jurisdiction to entertain further pleadings. See <u>People v. Bounds</u>, 182 Ill. 2d 1, 3, 694 N.E.2d 560, 561 (1998) (when notice of appeal is filed, the appellate court's jurisdiction attaches <u>instanter</u>, and the cause is beyond the jurisdiction of the trial court). Moreover, in our order of September 5, 2007, this court held against defendant on the very issue he complains of in this appeal. <u>People v. Slaichert</u>, No. 4-06-0377 (September 5, 2007) (unpublished order under Supreme Court Rule 23). Because no arguably meritorious grounds for appeal exists, we grant OSAD's request to withdraw and affirm the order dismissing the March 27, 2007, pleading titled "Correction of Prior Entitlement to 2-1401 - Relief in Judgment."

OSAD's motion to withdraw as counsel on appeal is granted, and the judgment of the trial court dismissing defendant's March 27, 2007, pleading is affirmed.

Affirmed.

COOK, J., with MYERSCOUGH and TURNER, JJ., concurring.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**219 SOUTH DEARBORN STREET**
**CHICAGO, ILLINOIS 60604**

**MICHAEL W. DOBBINS**
CLERK

**PRISONER CORRESPONDENCE**
312-435-5794

January 16, 2008

Warden
Dixon Correctional Center
P.O. Box 1200
Dixon, Illinois 61021

RE:   New Federal Civil Rights Complaint Form and Instructions
      New Prisoner Correspondence Form

Dear Warden:

Enclosed please find a newly revised and updated civil rights complaint form and instructions. We are sending these forms to your institution so that you can copy what you need and keep forms available for inmates in your law library. **These forms were revised in order to comply with current U.S. Supreme Court law; thus, it is imperative that the inmates use this new form.** For this reason, please do not use the older forms that have been copied and used for many years. The new form, which the court is now using, can also be found on our court's website, www.ilnd.uscourts.gov. The Petition for Writ of Habeas Corpus (Person in State Custody), revised on July 20, 2005, is still current and does not need revision at this time. You may continue to use the Habeas Corpus forms you currently have.

Additionally, another new form, the Prisoner Correspondence Form, will now be required to assist the court in locating inmates when they are transferred or released. This one-page form will be sent to inmates whenever they request forms or wish to file a new case. The information requested on this form will not be accessible to the public and the form will be destroyed after the Prisoner Correspondent has recorded all necessary information.

Should you have any questions about any of these forms, please send your questions to:

Prisoner Correspondent
U.S. District Court for the Northern District of Illinois
219 South Dearborn Street
Chicago, Illinois 60604

Thank you for your cooperation. We hope that you and your staff will find this helpful.

Sincerely,

Prisoner Correspondent
U.S. District Court for the Northern District of Illinois

Enclosures

cc: Law Librarian

A - 1