IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
<u>WESTERN DIVISION</u>

UNITED STATES OF AMERICAN ex rel
<u>HOWARD F. SLAJCHERT</u>,
    Petitioner
<u>MS. NEDRA CHANDLER</u>,
Warden, Dixon Correctional Center
    Respondent

vs

CASE NUMBER: <u>08 C 2759</u>

The HONORABLE: <u>FREDRICK J. KAPALA</u>
    Judge Presiding

ANSWER TO RESPONDENT'S COUNSEL FOR:
MOTION FOR EXTENSION OF TIME

F I L E D
AUG 19 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**NOW COMES THE PETITIONER,** Howard F. Slajchert, I.D.O.C. Registration Number: <u>B-37564</u>, who remains incarcerated at the Dixon Correctional Center located at 2600 North Brinton Avenue in the City of Dixon, County of Lee, State of Illinois 61021-9532, and <u>**STILL**</u> <u>**ILLEGALLY**</u>, <u>**UNLAWFULLY**</u>, and under Daily Threat of Great Bodily Harm from the Respondent's Correctional Officer's who man the towers which surround the correctional center.

The Respondent's Legal Counsel, <u>Mr. Eric M. Levin</u>, Bar #: 6284971 is an Assistant Attorney General working in the Offices of Ms. Lisa Madigan, Attorney General for the State of Illinois. He has sent to my attention, The Respondent's Counsel's Motion For Extension Of Time, which I, the Petitioner now must answer to:

<u>ANSWER TO MOTION</u>

In <u>SMITH vs IDAHO</u>, 383 F.3d 934 (9th Cir. 2004)
    "Prompt resolution of prisoner's claim is a
    principle function of a Writ of Habeas Corpus."

Thus, the current, instant Petitioner, <u>Howard F. Slajchert</u> believes his **GREAT WRIT** is being denied him by the sole purpose of the Respondent's Counsel, and keeping the Petitioner in the ongoing, illegal, and unlawful custody that his sentence has been from its onset. FOR THIS REASON, MOTION SHOULD BE <u>**DENIED!**</u>

Furthermore, Upon entering into Illinois Department of Corrections, the Petitioner was told, by the Department, that he should mind his own business, But now, since it seems to benefit the State, I'm told, as is this Honorable Court, that because of Respondent's Legal Counsel, being overworked, it is somehow the problem of the Petitioner, that his Right to the freedom of the Courts should be denied because he took on more than he could deal with, and now the Petitioner should have to wait.

In <u>WILKINSON vs DOTSON</u>, 544 U.S. 74, 161 L.Ed 2d 253, 125 S. Ct. 1242 (2005) "Prisoner who was denied parole, wrongfully, may seek civil rights remedies, and he not not limited to writ of habeas corpus belief."

In the instant case, <u>Howard F. SLajchert vs Nedra Chandler</u>, the Petitioner has included several case law cases that point to his conviction of his writ of habeas corpus.

The Petitioner points to the Illinois Compiled Statutes and requests of the State of Illinois, Illinois Department of Corrections, Illinois Prisoner's Review Board to tell him how exactly is he to receive credit for having to serve the Mandatory Supervised Release portion of his sentence, if he is to first serve 100% of his judicially imposed sentence?

The Petitioner has now enclosed with this answer, the following case law, which further supports his claim:

<u>WALRATH vs GETTY</u>, 71 F. 3d 679 (7th Cir. 1995) !vvvv'⁴⁴ˡˡ ⁱᵇ⁾_] VQV [Header Note #1] Pardon and Parole (Key 41)

<u>UNITED STATES OF AMERICA ex rel O'Connor vs MacDonald</u>, 449 F. Supp. 291 (March 30, 1978) Making it known to this Honorable Court that the Petitioner idea isn't new! [Header Note #2] Pardon and Parole (Key 41) Lastly, <u>Hebel vs Luther</u>, 550 F. Supp. 638 (1982) [Header Note #2] Pardon and Parole (Key 76)

Should this Honorable Court find in favor of the Petitioner's demand, **NOT TO GRANT THE RESPONDENT'S MOTION FOR EXTENSION OF TIME** The following should also be true:

1) Judgment of the GREAT WRIT of Habeas Corpus be so granted!

2) The Petitioner also included, somewhat prematurely, a 42 U.S.C. § 1983 within his Great Writ, within the last few pages. It was his attempt to keep the State/Respondent well informed as to what he intends to do should he win. Therefore, At this time, it is the belief that he has proven his case and he now simply want nothing more than to settle his 42 U.S.C. § 1983 with a Summary Judgment found in the Petitioner's favor.

3) Judgment in the Petitioner request of this Honorable Court to fine the State of Illinois for their failure to settle his claim, and payment in full for every part of every day that he had to spend in the CUSTODY of the Department beyond that inwhich was or would have been correct [**IF**] the State would have calculated his sentence correctly from its onset.

4) Immediate Release onto Mandatory Supervised Release,

5) To be followed by Sex-Offender's Registration,

6) to be followed by FINAL DISCHARGE

ELSE?

A showing by the State of Illinois proving that the Petitioner SHALL RECEIVE CREDIT for every part of every day he spends in the CUSTODY of the Department, including his M.S.R. and S.O.R.A. portions,

Respectfully,

And, now for copies of the Illinois Compile Statutes that so apply in this instant case:

<u>730 ILCS 5/3/14-2</u>, Supervision on parole, Mandatory Supervised Release and Release by Statute:

<u>(a)</u>: The Department SHALL retain CUSTODY of all persons placed on parole or mandatory supervised release...

<u>730 ILCS 5/3-14-2.5</u>, Extended Supervision of sex offenders

<u>(a)</u>         The Department SHALL retain CUSTODY of all sex offenders placed on mandatory supervised release...."

<u>730 ILCS 5/3-14-3</u>, Parole Services

<u>(1)</u> Assist in residential placement

<u>(2)</u> Counseling and treatment

<u>(3)</u> Financial Counseling

<u>(4)</u> School

<u>(5)</u> Department may purchase necessary service if they are otherwise unavailable and the parolee/releasee cannot afford it.

<u>730 ILCS 5/5-8-7</u> Calculation Of Term Of Imprisonment

<u>(b)</u> The offender SHALL be given credit on the determinate sentence or maximum term and the minimum period of imprisonment for time spent in CUSTODY as a result of the offense for which the sentence was imposed..."

<u>730 ILCS 5/5-8A-1</u>, Definitions:

"Department" = Supervising Authority, I.D.O.C., Probation Supervisory Authority, Sheriff, Superintendent of Municiple House of Corrections, or anyother officer or agency charged with authorizing and supervising home detention."

Also includes the local and county and state police authorities

LAST MINUTE NOTES:

According to LaPointe, himself a paralegal at the Dixon Correctional Center's Inmate Library:

"Case was heard & denied July 30, 2008 Pending Reconsideration as of August 05, 2008."

Thus, for Eric Levin to claim, "I'm working on these cases may need to be proven, <u>Not Just</u> taken As True!

Howard Hijiker B-32564
08-C-2759
% Dixon Correctional Center
2600 N Brinton Avenue
Dixon, Illinois 61021-9532
Petitioner, Pro-SE

Following Illinois Legislature's intent as well as current Illinois Compiled Statutes, the Petitioner believes that his MSR and SORA has lapsed many years ago and should have been released onto MSR after first having served (aprox. 6 years 01 month and 15 days) Yet, as he types his mistakes into this request for the Honorable Court to deny the Motion of the Respondent's Legal Counsel for an extension in time of 30 days, and for a JUDGMENT in the favor of the Petitioner because instead of challenging the facts presented the Respondent's Legal Counsel requests an extension in time, never addressing any of the subject so presented by the Petitioner.

FURTHERMORE, In the Petitioner GREAT WRIT, within the last few pages, is a "HYBRID" 42 U.S.C. § 1983 which was placed there by the Petitioner in the event that he somehow had won his GREAT WRIT. It was the Petitioner's attempt to keep the State well informed of what his intent was in the event that he won his GREAT WRIT. **NOW**, The Petitioner further requests of this Honorable Court for **SUMMERY JUDGMENT held within this 42 U.S.C. § 1983** which has gone <u>uncontested</u> by the State, Respondent, Respondent's Legal Counsel, Attorney General's Office of Illinois, requesting that this format be followed to the letter.: $3,200.oo a day for any part of any day spent in the CUSTODY of the Department illegally, unlawfully, and UnConstitutionally with the threat of deadly force on a daily basis. Futhermore, The FINES as presented for not paying 100% of that inwhich is due the Petitioner.

Respectfully Brought to this Honorable Court,

*[signature]* B-37564

Pro-Se, Petitioner

**FILED**

PRISONER CORRESPONDENCE FORM AUG 1 9 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Please fill out and return this form along with any other pleading you wish to submit to the court. It is your responsibility to keep the court advised of your current address in order for you to receive orders from the court. Failure to do so may result in dismissal of your case for want of prosecution. Once the Prisoner Correspondent records this information, this form will be destroyed.

**PLEASE PRINT**

1. Name: HOWARD            FRANCIS            SLAJCHERT
   (First)                 (Middle)           (Last)

   List Alias Names, if any: "Doc" (Only in prison)

2. Any Current/Prior
   Prison ID Number(s): I.D.O.C. #: B-37564

   Name of Prison(s): Currently: I.D.O.C. Dixon Correctional Center

3. Jail ID Number(s): Case No.: 93-CF-88 & 93-CF-89

   Name of Jail(s): Livingston County, Illinois County Jail

4. Date of Birth: July 28, 1950

5. Home Address (Do not use P.O. Box): (Son): Kyle Mark Slajchert
                                       Pontiac Correctional Officer
   Street Name and Number: 1001 North Illini Avenue

   City, State and Zip Code: Pontiac, Illinois 61764

*Original*

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT - EASTERN DIVISION OF ILLINOIS

HOWARD FRANCIS SLAJCHERT )
Plaintiff, )
)
) Case No. 08-C-2759
v. )
)
)
MS. NEDRA CHANDLER, Warden )
Defendant

## PROOF/CERTIFICATE OF SERVICE

TO: Office of Clerk of the US Dist. TO: Attorney General's Office
U.S. Court House                          100 West Randolph Street, 12 Floor
211 South Court Street                    Chicago, IL. 60601
Rockford, IL 61101
  original + 2 copies                       1-copy

PLEASE TAKE NOTICE that on __August 16__, 2008, I have placed the documents listed below in the institutional mail at __Dixon__ Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service:

_Answer to Respondent Request for Time Extension — 3 pages_
_Demand for Summary Judgement and Judgement in 42 USC 1983_

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: __08__/__16__/2008            /s/ _Howard F. Slajchert_
                                    NAME: Howard F. Slajchert
                                    IDOC#: B-37564
                                    __Dixon__ Correctional Center
                                    P.O. BOX __1200__
                                    Dixon, _____, IL __61021-1200__

(X) Prisoner's Correspondence Form
(X) Proof/Certificate of Service
(X) Motion _Answer to Extension of Time Request_

Revised Jan 2002

CLERK,

    The delay in filing the enclosed papers were due to the following:

1) Notice of Respondent's Motion was delivered to the Petitioner on a friday, August 15th, 2008 at 15:30 in the afternoon.
2) Upon receipt, Petitioner typed his answer to the Respondent's Counsel, requesting an extension of time,
3) Dispite having a library pass for saturday, August 16th, 2008 [<u>IF</u>] the employees are not working, there will be NO COPIES MADE, and as explained within my answer, my freedom of access to the Courts will be denied again, or even further.
4) Dixon Correctional Center's mailroom does NOT WORK ON SATURDAY Thus, items placed within mailboxes on friday, saturday and Sunday, don't go nowhere until Monday, August 18th, 2008. Again, limiting inmates access to the Courts
5) THANK YOU! In advance for the job that you do and the care in taking of my case.

Respectfully submitted,

Howard Slajchert  
B-37564

Inmate, Howard F. Slajchert, B-37564  
2600 North Brinton Avenue  
Dixon, Illinois 61021-9632

<u>PETITIONER DENIED HIS FREEDOM TO THE COURTS IN THE FOLLOWING WAY:</u>

The Petitioner has been denied his Right to Freedom to the Courts by the Respondent and/or her employees in that:

1) There is a 25 page limitation to copying case law per week. Noting that when a request is made that copies can be made on two sides, this equals two copies and is so charged as two copies.

2) Approximately 5 weeks ago, the Petitioner was told this and he took this concern to the Respondent who claimed that she'd have her A/W check into the problem and correct it.

3) A week later, the Petitioner went to the library to make copies of more case law. He was told, by Legal Libraries Staff, Mrs. Straw, "Ms. Chandler can't dictate to the Library staff what she believes are the rules of the library. 25 pages of case law is the rule and 2-sided equals 2 copies, nothing changed."

4) The Petitioner took the problem to Warden Chandler a second time explaining nothing had changed. And, again, Petitioner was told "I'll take care of it, I acknowledge, it does limit your access to the Courts."

5) The Respondent's Legal Counsel now wants the Court to overlook the deadline date of August 17, 2008 and ask for an extension in time of 30 days. The time spent writing this Motion could have been better spent writing an answer to the pending question of the Petitioner which still remains **UNANSWERED**!

6) How, [<u>IF</u> <u>ANY</u>] SHALL the Petitioner after first serving 100% of his Judicially imposed sentence SHALL he receive any Good Time which is to be taken from the minimum sentence to be served in CUSTODY and under the control of the Department while he is forced to serve his M.S.R. and S.O.R.A. of 2+2+10+10=24 Years? As well as the other pending questions held within his GREAT WRIT §1983?

7007 2560 0002 3090 5932

**CERTIFIED MAIL**

Office of the Clerk
of the United States District Court
Northern Illinois District
Western Division
United States Courthouse
211 South Court Street
Rockford, Illinois 61101

This Correspondence Is From
An Inmate Of The Illinois
Dept Of Corrections



UNITED STATES POSTAGE
MAILED FROM ZIP